## HUNTER vs. THE UNITED STATES.

1. Adultery is the sin of incontinence between persons, one or both of whom are married.
2. If both are married it is double adultery, or adultery on the part of both. If but one of them is married it is single adultery, and the *married* party alone is guilty of that offense; criminal intercourse between a married woman and an unmarried man is not adultery on the part of the man, but the woman is thereby guilty of that offense.

ERROR to the District Court for *Iowa* County.
The case is stated in the opinion of the court.
*T. P. Burnett*, for plaintiff in error.
*F. J. Dunn*, for defendant in error.

IRVIN, J.   In the above entitled cause the grand jury in and for the county of Iowa, at the April term of the district court for said county for 1839, found a bill of indictment against *Hunter* for adultery.   He appeared and filed a general demurrer, which was by the court overruled and the defendant adjudged guilty as charged in the indictment; whereupon, for the purpose of transmitting this cause to this court for a decision upon alleged error therein, it was agreed that final judgment should not then be pronounced.

The court here is given to understand by the parties that the ground of objection argued on demurrer was that the indictment did not charge the defendant to have been a married man, while the contrary is admitted, but did charge that he committed adultery with one Elizabeth Mills, lawful wife of Alonzo D. Mills.

The only point for the consideration of the court is, "could the defendant, *Hugh R. Hunter*, who is acknowleged to be a single man, commit the offense of adultery?"

The indictment in this case was found under the 9th section of the act for the punishment of crimes (Michigan Laws, 446), by which section the punishment for adultery is prescribed, but the offense not defined, making it necessary to resort to other sources for that information.

Jacobs, in his Law Dictionary, in defining adultery says: "*Adultery, adulteriam quasi adulterius . thoram.* In 1 Hen. VII and in divers old authors termed *advowtry*, the sin of *incontinence* between two *married* persons, or if but one of the persons be married, it is nevertheless *adultery*; but in this case it is called single adultery to distinguish it from the other, which is double."

Here it becomes necessary, in order to fix the meaning of the latter part of his definition, to determine what he meant by *single* adultery.   He places it in contradistinction to *double*, in which both are married, and it would seem in every just interpretation of the language to mean that the married party to *single* adultery must be the one guilty of that offense.

By reference to *Respublica v. Roberts*, 1 Yeates' (Pa.) 6, and 2 Dall. 124, it will be seen that in the courts in Pennsylvania a case precisely in point was decided, the statute of that State, like the one under which this indictment was found, prescribing the punishment, but not defining the offense, of adultery. This is the first available report of an American decision we have been able to obtain, and is, from its long standing and correctness of decision, considered conclusive.*

The language as reported in Dallas is in relation to the adultery : "The court, after consideration, delivered an unanimous opinion that, under the act of assembly and the uniform practice of eighty-five years (a practice which, though it does not make the law, must be strong evidence of what the law is), the indictment for adultery could not be supported." The court is unanimously of opinion that the court below erred in overruling the demurrer, and that its decision thereon be reversed.

DUNN, C. J., in concurring in the opinion, said that he felt it due to himself, as the cause was tried before him in the court below, to make a statement of his opinion, to explain any seeming inconsistency in his own decisions, and stated that the plaintiff in error, *Hunter*, was indicted for adultery at the September term, 1838, of the Iowa county district court, to which indictment the same objection was taken that is now made in this court, and, upon argument, the district court sustained the objection and quashed the indictment.

At the April term, 1839, a second indictment was preferred against *Hunter* for the same offense, and, although he had never changed his opinion upon the question of law involved in the case, in order to give the district attorney an opportunity of having it decided by this court, and the principle finally settled, the court below overruled the demurrer and requested that the cause should be brought up on error. In pursuance of this suggestion, and by agreement of counsel, the cause had

been presented in its present form before this court. He entirely agreed with the opinion of the court, just delivered by Judge IRVIN, and stated that he had never doubted as to the law upon the point that had been submitted for decision.

* Vide 2 Bish. Cr. Law, § 11; *Commonwealth v. Call*, 21 Pick. 509; R. S. ch. 170, § 1.— REP.