The State vs. Fellows.

*June 2 — June 23, 1880.*

CRIMINAL LAW.    *Adultery defined.*

Under the laws of this state, a married man who has sexual intercourse with an unmarried woman, thereby commits the crime of adultery.

REPORTED from the Circuit Court for *Walworth* County. The case is stated in the opinion.

The cause was submitted on the brief of *Winans & Mc-Elroy* for the defendant. They cited R. S., secs. 4576, 4580–81; Terr. Stats. 1839, p. 365, §§ 1, 5; *State v. Armstrong*, 4 Minn., 335; *State v. Lash*, 1 Harr. (N. J.), 380; 4 Am. Law Reg., O. S., 209; *Hood v. The State*, 56 Ind., 263; *State v. Way*, 6 Vt., 311; *State v. Cooper*, 16 id., 551; *State v. Wallace*, 9 N. H., 518; Lewis's U. S. Cr. Law, 43.

*The Attorney General*, for the state.

COLE, J.   An information was filed charging that the defendant committed the crime of adultery with one C. L. H., then an unmarried female, by having carnal intercourse with the said C. L. H., the said defendant being a married man and having a lawful wife alive.   The defendant pleaded guilty to the information.   The circuit court, with the consent of the defendant, has reported the case to this court, by virtue of section 4721 of the revised statutes, for our decision upon the question whether the facts stated in the information constituted, under the statute, the crime of adultery.   We are of the opinion that the question must be answered in the affirmative. Our statute contains the following provisions relating to this question:

"Section 4576.  Any person who shall commit the crime of adultery shall be punished by imprisonment in the state prison not more than three years, nor less than one year, or by fine not exceeding $1,000, nor less than $200; and when the crime is committed between a married woman and a man who is unmarried, both shall be deemed guilty of adultery and each shall be punished therefor.

"Section 4580.  Any man who commits fornication with a single woman, each of them shall be punished by imprisonment in the county jail not more than six months, or by fine not exceeding $100."

It will be seen that the crime of adultery is not defined in these provisions, but only the punishment for the offense prescribed.   The sections, however, taken together, do not differ essentially from the statute which was before the territorial supreme court in 1840, in the case of *Hunter v. United States*, 1 Pin., 91.   In that case adultery was defined as being the "sin of incontinence between persons, one or both of whom are married.   If both are married, it is double adultery, or adultery on the part of both.   If but one of them is married, it is single adultery, and the married party alone is guilty of that offense."   The legislature may reasonably be supposed

to have acted with reference to this definition of adultery given by the court at so early a day, both when enacting laws for the punishment of the offense, as well as in the statute in regard to divorce. It is true, section 4576 makes the act of illicit intercourse between a married woman and an unmarried man adultery on the part of both, so far changing the doctrine in the Hunter case. But still the statute relating to divorces makes adultery in either party a ground of divorce; and, so far as we know, it has generally been supposed that the unlawful intercourse of a married man with an unmarried female afforded a good ground for dissolution of the marriage contract.

There are, undoubtedly, many authorities which hold that adultery cannot be committed with a single woman; that even where her paramour is a married man, it is only fornication. Some of these cases are referred to in the briefs of counsel. But our statute on the subject of divorce says nothing about fornication, and it has been the common understanding that illicit intercourse by the husband with an unmarried female amounted to a sufficient cause for nullifying the marriage contract under that statute. The same idea as to what constituted adultery seems to have been in the mind of the legislature when prescribing punishment for the offense, perhaps derived from the early decision above referred to. At all events we should be unwilling to hold, after the practical construction which the divorce law has received since the organization of the state government, that the offense in the information amounted only to fornication, and not adultery. The difference of professional opinion in this country as to what constitutes adultery, has arisen from the different codes under which the subject has been considered. Mr. Wharton alludes to this matter in his work on Criminal Law, where he says: "Adultery, by the Roman law, was confined to illicit sexual intercourse with a married woman, the woman and her paramour being principals in the offense. A married man who had illicit

intercourse with an unmarried woman, was not guilty of this specific crime." 2 Crim. Law, § 2644. The same learned author adds: "But Christianity, speaking through the canon law, materially modified this feature of Roman jurisprudence. . . . Hence, the offense was committed by a sexual violation of the marriage vow, be the offender male or female. The married man having sexual intercourse with a woman other than his wife, was as guilty of adultery as a married woman having sexual intercourse with another than her husband." Section 2645.

We have no doubt that the word "adultery," as used in section 4576, was intended to include the illicit sexual intercourse of a married man with an unmarried female, and we must so hold. It would subserve no useful purpose to go over the authorities for and against this conclusion. We feel in a measure bound to adopt this construction of the law, in view of the considerations some of which we have above expressed.

It follows from these views that the cause must be certified back to the circuit court with our decision on the question reported, and with directions to that court to proceed to judgment.

*By the Court.* — So ordered.