Boldt vs. The State.

---

BOLDT, Plaintiff in error, vs. THE STATE, Defendant in error.

*April 23 — May 12, 1888.*

CRIMINAL LAW: EXCISE LAWS. *(1) Change of venue. (2–4) Jurors: Qualification: Examination: Discretion. (4, 5) " Beer clubs: " Agency: Instructions to jury. (6) Pleading: Duplicity. (7) Evidence: Distinct offenses: Instructions to jury.*

1. The right to a change of venue given by sec. 4680, R. S., to any defendant in an indictment found or information filed, does not extend to a defendant convicted on a complaint in justice's court and who has appealed to the circuit court.

2. The extent to which the prosecution should be permitted to examine the jurors called as to their qualifications, is a matter within the discretion of the trial court.

3. In a prosecution for selling liquor without a license, the examination of certain jurors showed that they were or had been members of a so-called " beer club " which the defendant was connected with or had been active in forming. They swore that they were not sensible of any bias, and were accepted. *Held*, that a general objection by the defendant to such jurors, and a challenge to the array, were properly overruled.

4. Remarks of the trial judge in his charge to the jury, expressing surprise that members of such club should have been allowed to remain on the jury, are *held* not to have been prejudicial to the defendant.

5. Where it was claimed that the defendant merely acted as agent for the persons to whom he delivered liquor, but the evidence established the fact that he sold liquor to them and was paid for it, it was not error to refuse instructions to the effect that if he acted merely as such agent his acts were not a violation of the law.

6. A complaint alleging that on a certain day the defendant did unlawfully sell, deal and traffic in, and, for the purpose of evading the law, did give away, certain spirituous, malt, and intoxicating liquors, without having obtained a license therefor, is *held* to be sufficient and to charge but one offense, under sec. 4, ch. 296, Laws of 1885.

7. Where a complaint charges a sale of liquor without license on a certain day, it is not necessary to prove a sale on that precise day. But it is error to admit evidence of distinct sales made to different persons between certain dates, and then to charge the jury that if they are satisfied that the defendant made any sale to any one between those dates they are authorized to convict him.

ERROR to the Circuit Court for *Langlade* County.

The plaintiff in error was convicted both before a justice of the peace and in the circuit court of the offense of selling intoxicating liquors without a license. A sufficient statement of the principal facts in the case will be found in the opinion. The instructions therein referred to, asked on behalf of the defendant and refused by the court, were as follows:

"1. That if the defendant merely acted as agent for those to whom he delivered liquor, and ordered such liquor for them, or if the defendant merely forwarded the orders of such persons to the manufactories and dealers in liquors, and distributed such liquor to those ordering it, and the defendant had no interest in such liquor, such acts of his are not a violation of the law.

"2. If different persons organized themselves together for the purpose of purchasing intoxicating liquors in other places, such as Manitowoc or Milwaukee, to be drank at Antigo, and to employ the defendant to act as their custodian of such liquor and as their agent to distribute to the members of such club such liquors, then and in such case the defendant is not guilty under the complaint.

"3. The state made its election as to what offense it would rely upon, and that offense was the vending and

selling and giving away intoxicating liquors to Ray Kennedy and Oliver Ames on or about June 10, 1886, and any evidence tending to show the selling of liquor on any other day is inadmissible, and the jury can only convict the defendant, if at all, of the offense the state has so elected to rely upon in the first instance. You can only find the defendant guilty, if at all, of the offense of selling, vending, trafficking, or giving away for the purpose of evading the law, to and with Oliver Ames and Ray Kennedy, and you cannot find the defendant guilty of any other act of vending, selling, dealing or trafficking in, or giving away, evading any law of the state, to or with any other person or persons."

The following portions of the general charge are also referred to in the opinion:

"If you are satisfied by the evidence beyond a reasonable doubt that the defendant did, without a license therefor, in this county and state, on the 10th day of May, or the 11th day of June, 1886, or on any day between those two days, sell to any one, deal in with any one, vend to any one, or give away to any one with intent to evade the law of this state, spirituous, malt, ardent, or intoxicating liquor or drinks, your verdict should be guilty, whether that sale or giving away was to a member of a beer club or otherwise. . . .

"Now, gentlemen of the jury, this has been quite a peculiar case, and in some respects one of the most peculiar I have witnessed in this state or elsewhere, and I have witnessed trials in a number of states. The testimony on the part of the state tends to prove that about the 11th day of June last, and previous to that time for some time, the defendant had been engaged in vending beer and rock and rye, which the testimony tends to prove is ardent and intoxicating liquor, in the house that he occupies in this city and county and state, at retail and by the glass and by the

bottle, as well as in other ways. There is no pretense on his part that he had a license for that at all; in fact, he testified himself that he did make sales. He says he made them to what is called a 'beer club,' organized for the purpose of enabling the members of that club to procure beer for their own consumption. He got it for them on their order, and dealt it out to them in small quantities by the bottle and by the glass, and took pay for that, and also took pay, as he says, for the attention and delivery of the beer. He also states that the members of that club had arranged to defend him if he was called in account for it in the courts,— to bear the expense of litigation; and it was intimated, or found on examination, that some of you are members of a club of that description, and yet you have said you are impartial, and you would find a verdict, if the proof was that he had sold liquor, and the court charged that to sell it to a club, or members of a club, of that description, was a violation of the law. I never heard of a case of that description in my experience, where a number of men on the jury had been suffered to remain on the jury if it is true that they belong to a club of that description. The arrangement was that they were to contribute towards defraying litigation — expenses of litigation — that was carried on, if any was carried on, by the state against the party that was furnishing liquor or anything else for the club. It is a new thing in my experience, and I don't know what to think about it."

On October 18, 1887, the cause was submitted for the defendant in error on the brief of *L. K. Luse*, Assistant Attorney General; and on November 12, 1887, a brief for the plaintiff in error by *Neal Brown* was filed.

On January 10, 1888, the court filed an opinion and announced its decision affirming the judgment of the circuit court.

A motion for a rehearing was afterwards made on behalf

of the defendant in error, and a brief thereon filed by *Neal Brown*, in which he cited *Lebkovitz v. State*, 12 Western Rep. (Ind.), 179; *Long v. State*, 56 Ind. 182; *Richardson v. State*, 63 id. 192.

The motion was granted March 27, 1888, and the cause was argued on the rehearing, April 23, 1888, by *Neal Brown* for the plaintiff in error, and by the *Attorney General* and *L. K. Luse*, Assistant Attorney General, for the defendant in error.

The following opinion was filed May 12, 1888:

COLE, C. J.   We will consider the points relied on for a reversal of the judgment in the order in which they appear on the record.

The plaintiff in error, defendant below, was convicted before a justice of the peace on a verified complaint of the offense of selling malt and intoxicating liquors without first having obtained a license therefor, and appealed the cause to the circuit court of Langlade county.   Before the trial in the circuit court he made and filed an affidavit for a change of venue on the ground of the prejudice of the circuit judge, and the motion for a change of venue was denied.   This ruling is the first error assigned here.   The right to a change of venue is claimed under sec. 4680, R. S., which provides that any defendant in an indictment found or information filed may apply for a change of venue on account of the prejudice of the judge of the court where such indictment is found or information filed, in the manner provided by law for a change of venue in civil cases.   The right to a change of venue is purely statutory *(Baker v. State*, 56 Wis. 573), and it is clear that this case is not within the letter of the statute.   But it is said to be within its spirit, and that the words "indictment" and "information" are used in the section as descriptive of all cases of criminal prosecution of every kind, and include an appeal in a crim-

inal case from a justice of the peace as well as one on in-
formation filed in the circuit court. We do not feel justified
in giving the language such a construction. The language
is very plain, and it is evident from the whole chapter that
the legislature were regulating criminal prosecutions in the
circuit court by indictment or information. To say that
the provision applied to an appeal from a justice in a crim-
inal case would be amending the statute and pure legisla-
tion. In the *Baker Case* it was decided that this section
did not authorize, a change of venue in a bastardy proceed-
ing, though that had often been held to be *quasi* criminal
in its nature. It was said in that case that sec. 4680 limits
the right of removal to cases of an information or indict-
ment in a purely criminal case. That ruling is decisive
upon the point made here.

The counsel for the prosecution was permitted, against
the defendant's objection, to examine a number of the
jurors called as to their qualifications to sit in the case.
The examination was quite extended, and disclosed the fact
that these persons had been or were members of a club at
Antigo, which, as we infer, was formed for the purpose of
obtaining beer to drink, and with which club the defendant
was connected in some relation, or had been active in form-
ing. If the examination of these jurors disclosed anything,
it tended to warrant the inference that the jurors did not
stand indifferent in the case, but might have some bias or
partiality in favor of the defendant. They, however, swore
that they were not sensible of any bias and could render a
verdict according to the evidence and law given them by
the court, and they were permitted to sit in the case. The
defendant then objected generally to the jurors and to the
manner of selecting them, and finally challenged the array.
We think the objection to the jurors sworn, as well as the
challenge to the array, was utterly untenable and without
merit, and was properly overruled by the court.

The complaint charged that the defendant did, on the 11th day of June, 1886, unlawfully sell, deal and traffic in, and, for the purpose of evading the law, did give away, certain spirituous, malt, and intoxicating liquors, without first having obtained a license therefor. On the trial it was objected that no offense was stated in the complaint. That the complaint states an offense under the statute is too plain for argument. It is not bad for duplicity. It is in the language of the statute (sec. 4, ch. 296, Laws of 1885); and the several acts stated conjunctively constitute but one offense, for which there can be but one conviction and punishment. *State v. Bielby*, 21 Wis. 205; *State v. Gummer*, 22 Wis. 442; *Storrs v. State*, 3 Mo. 9; *Comm. v. Tuttle*, 12 Cush. 505.

A witness was sworn who testified to the purchase of beer from the defendant about the 10th day of June, 1886, and then evidence was given, against the defendant's objection, as to sales of beer or liquor by the defendant to other persons made before that time and subsequent to the 10th day of May previous. It is said the prosecution elected to proceed for a sale made on the 10th day of June, and should have been confined to that specific charge. It is admitted that in cases of this kind the prosecution is not bound to prove a sale made on the precise day named in the complaint. Time does not enter into the nature of the offense as it does in some crimes; therefore it is not necessary to prove the offense to have been committed on the day specified in the complaint or information. Proof of a sale made before the day named, within the statute of limitations, is sufficient. In prosecutions for the violation of the excise laws the state is often compelled to go to trial without being in possession of the evidence as to the precise time or persons to whom liquors are sold; and it would be a hardship to confine the prosecution to a sale made on the day charged, excluding evidence of a sale made on some

prior day.   The authorities do not restrict the proof to the precise day charged.

In this case the court allowed evidence of sales made by the defendant on any day between the 10th of May and the 11th day of June, 1886.   But proof was also given, against objection, of distinct sales made to different persons between these days.   In the former opinion this proof was held to be admissible, but we were not satisfied that this view was correct.   Consequently a reargument of the cause was granted.   We are now clearly of the opinion that our first view upon this question was unsound and not in accord with the authorities' or well-established principles. We have stated that the defendant was charged with a single violation of the statute in the complaint.   Now, if evidence is admitted to prove several distinct offenses, it is apparent it would often work hardship and injustice to the defendant; for, while charged with the commission of but one offense, he might be tried, under such a rule, for a great number of distinct and independent offenses of which he had no notice in the complaint, and had made no preparation to meet.   But the still more serious objection is that the jury might find him guilty under proof of several distinct offenses, when they would not agree that the evidence was sufficient to find him guilty of any one particular sale.   Or, as it is well put by the court in *State v. Crimmins*, 31 Kan. 376–380, "If evidence was introduced tending to prove twelve or more different offenses, the jury might find him guilty without any two of the jurors agreeing that he was guilty of any particular one of such offenses.   One juror might believe that he was guilty of one offense, another juror of another, and so on with respect to all the jurors and all the offenses; each juror believing that the defendant was guilty of some one of the offenses which the evidence possibly tended to prove, but no two jurors agreeing that he was guilty of the same identical offense."   This, it

seems to us, is a most weighty and insuperable objection to allowing evidence tending to prove several separate and distinct offenses under a complaint or information which charges the defendant with the commission of but a single one.

Sometimes, in these cases, the defendant is charged with selling on different days to different persons; that is, is charged with a sale made on a specified day and on divers other days between such day and another named. That was the form of the complaint in *State v. Gummer*, 22 Wis. 442. In such a case the trial court, when necessary to secure the defendant a fair trial, has discretion at a proper stage.of the cause to compel the prosecution to make its election for what sales it will rely on for a conviction, and the evidence is limited accordingly. But to sanction the practice adopted in this case would be dangerous to the rights of the accused, and contrary to authority. Mr. Wharton says: " Where a specific offense is charged, the indictment cannot be sustained by proof of a second offense, even on the same day. This results from the general principles that evidence of offenses collateral to that in the indictment cannot be received, and that the issue should be single. And should it happen that the evidence discloses several successive offenses, any one of which could sustain a conviction, the prosecution (unless the charge is for a continuous offense) must elect the offense which it will pursue; and when this is done proof of the other offenses will be excluded, under the limitations above expressed." Sec. 104, Whart. Crim. Ev.; *Lebkovitz v. State*, 12 Western Rep. (Ind.), 179. The same rule is approved and illustrated in *Comm. v. Elwell*, 1 Gray, 463; *Comm. v. Dean*, 109 Mass. 349; *Hughes v. State*, 35 Ala. 351; *Goodhue v. People*, 94 Ill. 37; *People v. Jenness*, 5 Mich. 305; *People v. Sweeney*, 55 Mich. 586; and *State v. Crimmins, supra.* Where two or more misdemeanors of the same. kind are set forth in

different counts in the information, there a general verdict necessarily implies that the defendant is found guilty of each offense, the same as though it were charged in a separate information. Mr. Bishop says: "Two or more misdemeanors growing out of separate and distinct transactions may, according to the doctrine which appears to prevail everywhere, be joined in the same indictment when embraced in different counts." 1 Bish. Crim. Proc. §§ 448–452, and cases referred to in the notes. It is obvious that in such a case the evidence is properly confined to acts of which the defendant has notice and should be prepared to meet. But in the case at bar the prosecution was allowed to prove any number of sales of liquor to different persons, within the period named, under a complaint which charged but a single sale. The court refused to compel the prosecution to elect on what sale it would ask for a conviction or to confine its evidence to the sales made on or about June 10th. Under the circumstances it would seem but right and fair to have required the state to make an election; certainly before the defendant was called upon to make his defense. But without deciding the point it may perhaps be held that this was a matter resting in the discretion of the court. But we are clearly of the opinion that the court should have directed the jury that they must find the defendant guilty of making some one specific sale in order to convict. But the court charged in effect that if the jury was satisfied that the defendant made any sale to any one between the 10th day of May and the 11th day of June, they were authorized to convict him. For the reasons given, we think this was error, which must work a reversal of the judgment. The jury were not instructed, as they should have been, that they must be satisfied from the proof that the defendant made a sale upon some day prior to the day specified, and that they must all agree that he was guilty of the same identical offense. We think the court was bound to give such an instruction, in view of the evi-

dence admitted and of the third instruction asked on the part of the defendant, which was refused.

It may not be necessary to notice the other points made for a reversal of the judgment, though possibly the same things may occur on another trial, and we will therefore add what was said in the former opinion in respect to these exceptions. There was no error in the court permitting the prosecution to examine the jurors called as to their qualifications to sit in the case. The extent of such examination was a matter resting within the discretion of the court. It is true, most of these jurors admitted that they had bought liquors at the defendant's saloon, and were, or had been, members of the beer club. This might imply at least a probability of bias or partiality on their part in favor of the defendant, who did not object that they were unfriendly to him. The first two instructions asked on the part of the defendant were not applicable to the evidence as we understand it, and were properly refused. It is idle to claim, upon the testimony, that the defendant merely acted as agent for those to whom he delivered liquor. He sold liquor to these persons, and was paid for it. The evidence establishes that fact if it proves anything. An agent does not usually demand pay from his principal for delivering to the latter his liquor which the agent distributes. What the learned circuit judge said about members of the beer club being permitted to remain on the jury could have done the defendant no harm. It was calculated to provoke comment that the state should suffer these persons to remain on the jury.

It may well be that the defendant is guilty of the offense charged against him, but he is entitled to a fair trial according to the established rules of procedure and principles of law.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.