State v. Roberts, 169 Wis. 570.

STATE, Plaintiff in error, vs. ROBERTS, Defendant in error.

*June 2—June 25, 1919.*

*Fornication: Adultery: Nature of offenses.*

1. Adultery was a common-law crime, consisting of intercourse by any man, married or single, with a married woman not his wife, and was condemned because it tended to introduce spurious heirs into a family.
2. Fornication, although cognizable in England under the ecclesiastical law, was not punishable as a common-law offense unless accompanied by such circumstances as to render it a public nuisance.
3. Under the statutes of this state, a married man who has sexual intercourse with an unmarried woman is guilty of fornication as well as of adultery.

ERROR to review a judgment of the municipal court of Milwaukee county: E. B. BELDEN, Judge. *Reversed.*

The defendant in error was convicted in the district court of Milwaukee county of the crime of fornication with a single female, upon two counts. From such conviction and judgment he appealed to the municipal court of Milwaukee county, where, before any proceedings were had, he filed a special plea in bar to the effect that he was a married man, and that if any offense was committed by the defendant, as alleged in the complaint, such offense was and is the offense of adultery, as such offense is defined in and by the provisions

of sec. 4576, Stats., and not of the crime of fornication, as set forth in sec. 4580, under which section the prosecution was initiated; that during all of said time the defendant was a resident of the county of Waukesha and state of Wisconsin, and that the prosecution for the crime of adultery is barred and forbidden by sec. 4576, Stats., which provides that "No prosecution shall be had unless commenced within one year from the date of the alleged offense." The special plea in bar was sustained by the court and the defendant ordered discharged, whereupon the state sued out this writ of error, and the case is before this court for review.

For the plaintiff in error there was a brief by the *Attorney General, Winfred C. Zabel,* district attorney of Milwaukee county, and *Arthur H. Bartelt,* assistant district attorney; and the cause was argued orally by *Mr. Zabel* and *Mr. Bartelt.*

For the defendant in error there was a brief by *Thomas M. Kearney* of Racine, of counsel, and oral argument by *Raymond J. Cannon* of Milwaukee and *Peter J. Myers* of Racine.

OWEN, J.    The single question presented is whether, under our statutes, a married man who has illicit intercourse with a single female is guilty of the crime of fornication. Sec. 4580, Stats., provides:

"Any man who commits fornication with a sane single female over the age of sixteen years, each of them shall be punished by imprisonment in the county jail not more than six months or by fine not exceeding one hundred dollars, or by both such fine and imprisonment. Any man who commits fornication with a sane female of previous chaste character under the age of twenty-one years shall be punished by imprisonment in the state prison not more than four years or by fine not exceeding two hundred dollars, or by both fine and imprisonment."

It is the contention of the defendant in error that under the decisions of this court *(Hunter v. U. S.* 1 Pin. 91, and *State*

*v. Fellows,* 50 Wis. 65, 6 N. W. 239) a married man who
has illicit intercourse with a single female commits the crime
of adultery and cannot be convicted of the crime of fornica-
tion; that a prosecution for the crime of fornication, as here
attempted, does not lie, because the crime is adultery and not
fornication; and that the defendant cannot be prosecuted for
adultery because the statute of limitations has run on that
offense.

Adultery was a common-law crime.    It consisted of inter-
course by any man, married or single, with a married woman
not his wife.    2 Corp. Jur. 11.    Adultery was condemned
at common law because it tended to introduce spurious heirs
into a family and to adulterate the issue of an innocent hus-
band and turn the inheritance away from his own blood to
that of a stranger.    *State v. Lash,* 16 N. J. Law, 380.    For-
nication, although cognizable in England under the ecclesias-
tical law, was not punishable as a common-law offense unless
accompanied by such circumstances as to render it a public
nuisance.    19 Cyc. 1434.    By the canon law it was the un-
lawful sexual intercourse of a single person with another of
the opposite sex, whether married or not; while by the com-
mon law it was such intercourse between a man, whether
married or single, and an unmarried woman.    Id.    In most
of the states statutes have been enacted punishing the act of
fornication, but there is a lack of harmony under such stat-
utes as well as the decisions construing them as to what con-
stitutes the offense of fornication.

The offense, as we are here dealing with it, must be re-
garded as statutory, and the nature, scope, and extent thereof
must be determined by an examination of the particular stat-
ute involved.    In passing, it may be well to observe that at
common law illicit intercourse by any man, whether married
or single, with a married woman constituted adultery.    On
the other hand, intercourse by any man, either married or
single, with a single female constituted fornication.    It was
the status of the female which determined the character of

the offense.   Most statutes punish adultery and fornication in conformity with these definitions.   All illicit intercourse is punishable either as adultery or as fornication, depending upon the status of the female, where occurring under circumstances that do not constitute some other crime, such as rape, seduction, etc.

Our present statutes punishing adultery and fornication (secs. 4576 and 4580) appeared in ch. 139 of the Statutes of 1849 in substantially their present language.   If in enacting these statutes the legislature had in mind the common-law definitions of adultery and fornication as hereinbefore stated, there was no overlapping of offenses in the sense that a married man having illicit intercourse with a single female could be guilty of both adultery and fornication.   However, the case of *Hunter v. U. S., supra,* had been decided by our territorial court prior to the enactment of the statutes in question, and it must be presumed that when the legislature used the language now appearing in sec. 4580, that *any man* who commits fornication with a sane single female, etc., shall be guilty of the crime of fornication, the expression was not used inadvertently, but rather, it must be assumed, the legislature meant what it so plainly said.   This thought is further reinforced by the language of the section providing that "each of them shall be punished."   If it were to be held that a married man who commits fornication with a single female is not guilty of the crime of fornication, it could be plausibly argued that the female could not be convicted, as the statute makes them equally guilty, and unless the man is guilty neither is the woman.   *State v. Fellows,* 50 Wis. 65, 6 N. W. 239, was decided in 1880.   By ch. 73, Laws 1882, very shortly after the decision in the *Fellows Case,* the legislature added to sec. 4580 the provision that "In case *any man* shall commit fornication with a female of previous chaste character," etc., he shall be punished, etc.   It will thus be seen that the attention of the legislature was called to this section after the decision in the *Fellows Case,* and it not only left un-

touched the provision that any man who commits fornication with a sane single female shall be punished, etc., but added a new provision, making use of the very same language, to the effect that *any man* who commits fornication with a sane single female of previous chaste character shall be punished, etc. That in this instance it meant to include married, as well as unmarried, men may be inferred from the fact that the punishment prescribed is greater than is that for adultery. It will thus be seen that very little room is left to justify courts in the assertion that the ordinary meaning of the plain language of sec. 4580 was not intended by the legislature, and that when the legislature used the expression "any man" it meant only any *unmarried* man. The word "unmarried" must be interpolated to justify the disposition made of this case by the municipal court. While cases arise where it is necessary to interpolate language in order to give effect to the evident legislative intent, it should only be done where such a necessity clearly exists. We see no such necessity here. No absurdity follows from according to the legislature the meaning which is ordinarily ascribed to the language used.

While it may be that legislation in general upon this subject does not make a married man guilty of both adultery and fornication, as is the result here, yet a so-called overlapping of offenses is by no means anomalous. It frequently happens that a single act may be punishable as for one of two or more offenses. If the result is at all inimical to public policy it is a situation requiring the attention of the legislature. So far as the instant case is concerned, the result is not to be regretted. The small measure of punishment to which the defendant in error is amenable but scantily expiates his flagrant and notorious violations of marital obligations, which are responsible for the destruction of one life and the ruination of another.

*By the Court.*—Judgment reversed, and cause remanded with directions to overrule the plea in bar and for further proceedings according to law.