Hess, Plaintiff in error, vs. The State, Defendant in error.

*February 11—May 3, 1921.*

*Information: Variance: Amendment changing date of offense charged.*

On preliminary examination defendant was charged with having committed adultery on August 24, 1918, and this date was stated in the information. Prior to the commencement of the trial on March 24, 1920, with the consent of the court, an amended information charging the commission of the crime on August 31, 1918, was filed. *Held,* that the defendant was not prejudiced and cannot complain on the theory that he was never given any preliminary hearing as to the act of August 31, 1918, as only a single act was relied on, and the court, under sec. 4703, Stats., could have permitted evidence as to the act of August 31st under the original information.

Error to review a judgment of the county court of Trempealeau county: E. F. Hensel, Judge. *Affirmed.*

May 26, 1919, upon complaint in writing before a justice of the peace for said county, the plaintiff in error, hereinafter designated as the defendant, was charged with having on August 24, 1918, in said county had unlawful sexual intercourse with one H. Upon preliminary examination he was bound over for trial. December 10, 1919, an information was filed charging the crime of adultery with said H. on said August 24, 1918. The case was subsequently sent to the county court. Just prior to the commencement of the trial on March 24, 1920, and upon consent of the court, an amended information was filed similar to the original, except only that the date upon which the offense was alleged to have been committed was changed from August 24th to August 31st. Before the amendment was allowed the district attorney was required by the court to file an affidavit to the effect that the transaction originally alleged to have taken place on August 24th was the identical act which the state expected to prove took place on August 31st. The

defendant then moved to quash the information, and, the motion being denied, the defendant filed a plea in abatement and thereupon prayed that the action be dismissed and he be released from custody upon the ground that there had been no preliminary examination for the crime as charged in the amended information, he not having waived any such. The record and evidence taken before the justice of the peace on the preliminary hearing was received in evidence on defendant's offer in behalf of his plea in abatement.

In the testimony of the complaining witness, one George Suchla, taken on such preliminary, he fixed August 24th as the date of the transaction relied upon to sustain the charge. He was quite positive as to the date and fixed the same by reference to a certain trip that the defendant and his wife had made to the neighboring village. His attention was called on cross-examination to the giving to him of a certain check for his wages by defendant. The circumstances in connection with such check and its date and time of payment would have indicated that the transaction testified to by such complaining witness could not have been on August 24th.

The plea in abatement was quashed and the defendant excepted. Upon his plea of not guilty the trial was had and the jury found him guilty of the offense as charged.

The defendant at the close of the testimony for the state moved that the action be dismissed, and after verdict moved to set aside the same and for a new trial.

From the judgment of conviction the defendant sued out this writ of error.

For the plaintiff in error there was a brief by *Gilman & Broadfoot* of Mondovi, *John A. Markham* of Independence, and *Cowie & Hale* of La Crosse; and the cause was argued orally by *Quincy H. Hale* and *R. S. Cowie*.

For the defendant in error there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney

general, and *Ole J. Eggum,* district attorney of Trempealeau county; and the cause was argued orally by *Mr. Eggum* and *Mr. Messerschmidt.*

The following opinion was filed March 8, 1921:

ESCHWEILER, J.    By sec. 4576, Stats., providing a penalty for the crime of adultery, it is also provided that no prosecution shall be had unless commenced within one year from the date of the alleged offense.

. Defendant contends that the amendment to the information whereby the commission of the alleged offense was charged to be on August 31st instead of August 24, 1918, in effect amounts to charging him with the commission of a separate and distinct offense than that upon which he had been originally brought into court.    That as to the alleged offense of August 31st he had had no preliminary examination, and that such offense not being charged until the time of the trial in March, 1920, and when more than one year had elapsed since such date, the prosecution therefore was barred by the one-year limitation in sec. 4576, Stats.    He also contends that such change of date could not be considered as a permissible amendment to the original complaint or information thereupon and not within the intent or meaning of sec. 4703, which reads as follows:

*"Variance disregarded, when.*    Section 4703.    Any court of record in which the trial of an indictment or information is had may forthwith allow amendment in case of variance between the statement in the indictment or information and the proof in the following cases: In the name or description of any person, place or premises, or of any thing, writing or record, or the ownership of any property described in the indictment or information and in all cases where the variance between the indictment or information and the proof are not material to the merits of the case."

Sec. 4704 gives the court which has permitted an amendment under the preceding section discretionary power to

postpone the trial on account of any such amendment. In this case, however, no application for such postponement was made by the defendant and no showing or claim made here that his rights were in anywise prejudiced by the trial being then had.

It being clear at all stages of the proceeding that but one specific act was relied upon to support the charge against the defendant, we cannot deem the permitted change to be in a matter so material to the merits of the case as to make it beyond the statutory authority given to the court under sec. 4703, *supra*.

It is true that in an information for such an offense a time should be specifically alleged as that on which such offense was committed. Yet unless some material right of the defendant is affected, as for example when such change might bring the alleged offense within some period of statutory limitation, the prosecution is not formally tied to any such date and may prove the commission of the offense charged on some other day within a reasonable limitation. *Comm. v. Gardner,* 7 Gray (73 Mass.) 494.

If, therefore, evidence on the trial might have been properly received as to the changed date upon the original information, it is quite manifest that no prejudice could result in the defendant being thus formally notified before the commencement of the trial of such proposed change.

The situation here presented is similar to that in *Robinson v. State,* 143 Wis. 205, 208, 126 N. W. 750; *Schultz v. State,* 135 Wis. 644, 652, 114 N. W. 505, 116 N. W. 259, 571, and cases there cited; and these cases rule this. See, also, 7 A. L. R., note on p. 1531.

There being no attempt to prove or rely upon more than one distinct offense, such cases as *Boldt v. State,* 72 Wis. 7, 38 N. W. 177, and *Fossdahl v. State,* 89 Wis. 482, 62 N. W. 185, where, upon informations charging one specific offense upon one specific date, evidence was held to have

been improperly received as to similar offenses on different dates, are not in point.

We have examined the assignments of error based upon alleged errors in rulings upon the evidence. We find none that merit any detailed discussion and can find no prejudicial error in the trial.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, without costs, on May 3, 1921.