STATE, Plaintiff, vs. BROOKS, Defendant.

*March 9—April 3, 1934.*

For the plaintiff there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, *William A. Zabel,* district attorney of Milwaukee county, and *Herman A. Mosher,* deputy district attorney, and oral argument by *Mr. Mosher.*

*R. M. Frawley* of Milwaukee, for the defendant.

FAIRCHILD, J. The defendant was convicted on February 13, 1933, of a violation of sec. 351.04, Stats. This section reads:

"Any man and woman, not being married to each other, who shall lewdly and lasciviously cohabit and associate together, . . . every such person shall be punished by imprisonment in the county jail not more than one year or by fine not exceeding five hundred dollars nor less than one hundred dollars."

After the conviction and sentence on the charge just described, he was again arrested, charged with violating sec. 351.01, Stats., which reads:

"Any person who shall commit the crime of adultery shall be punished by imprisonment in the state prison not more than three years nor less than one year, or by fine not exceeding one thousand dollars nor less than two hundred dollars; . . ."

Defendant, under the name of S. D. Foster, had lived with a woman not his wife for upwards of a year when first

arrested and charged with lewd and lascivious conduct. He was convicted on that charge in the district court of Milwaukee county and sentenced to pay a fine, the date of that offense being charged as February 13, 1933. Thereafter, on March 24, 1933, it having been discovered that he was a married man, complaint was made and a warrant issued charging him with having committed the crime of adultery on February 12, 1933.

The case is here on the question stated. The defendant contends that the offense with which he was charged and on which he was convicted February 13, 1933, was a continuous offense, made so by a series of acts creating but one offense within the meaning of the statute; that for this offense he has been convicted and punished, and therefore the state is precluded from prosecuting him on the charge of adultery. The defendant's argument is based on the assumption that the trial and conviction in the district court constituted former jeopardy. The principle that one shall not be twice placed in jeopardy for the same offense is protected by constitutional provisions, and is available as a defense against subsequent prosecutions, where one has been regularly and sufficiently charged with the commission of the crime, has been arraigned and has pleaded to such charge, and placed upon his trial before a tribunal properly organized and competent to try him for the offense charged, or where, when so charged, he has pleaded guilty.

We cannot deal with the question of the justice of punishing the offender for two distinct offenses growing out of the same act. That is a matter for the prosecuting authorities, the trial court in imposing sentence, and the executive in the exercise of executive clemency. Nor are we concerned at this time with the reasons prompting the prosecution on the charge of adultery. The legislature has enacted a law describing the offense of lewd and lascivious behavior. It has

also enacted a law providing for the punishment of one guilty of adultery. The facts creating the offenses of lewd and lascivious behavior and of adultery may include similar acts, but a distinction between the offenses has been preserved, and a married man who is living with a woman in violation of sec. 351.04 is guilty of lewd and lascivious behavior and may also be guilty of the crime of adultery. The offense of lewd and lascivious behavior is triable in the district court and brings with it a lesser penalty than the offense of adultery, which is triable in the municipal court and carries a more severe penalty.

Lewd and lascivious behavior is a defiance of the usual conventions recognized in our laws as standards of decency. It is a continuing offense, and the wilful creation of the reputation of the relation of the parties is an affront to society. It constitutes a disturbing element which the law desires to eradicate. That in the creation of this association there may be acts of sexual intercourse, does not transform or change this improper conduct into violation of the law forbidding adultery. Lewd and lascivious behavior contains an element of some openness of association under such circumstances as to amount to behavior of a character prohibited by law and is a misdemeanor. The law seeks in such an instance to prevent a course of conduct which in public estimation constitutes an example detrimental to the morals of the community.

The offense of adultery is not necessarily a continuing act and need not be one of which the public has notice. It is a transgression against the marriage relation, which relation the law endeavors to protect, and this transgression has been declared to be a felony. On the trial of the charge of lewd and lascivious behavior, the fact of the defendant's marriage to a third person is immaterial. Had the defendant been charged in the first instance with the crime of adultery on

the date in question, and had a reasonable doubt of his guilt existed as to any of the material elements that go to make up that crime—for instance, a reasonable doubt as to his being a married man,—he would have been entitled to an acquittal. No reason appears, however, for holding that his conduct would not be subject to investigation under the charge of lewd and lascivious behavior. 1 Wharton, Criminal Law (11th ed.), p. 507, § 393, says:

"A former trial and acquittal or conviction will not be a bar to a subsequent prosecution, unless the defendant could have been convicted on the same evidence in the former trial, of the offense charged in the subsequent trial."

The question is not free from serious difficulties and authorities may be in conflict. Some elements are necessarily present in each offense, but each offense does not contain all the elements of the other. The defendant relies upon the case of *In re Nielsen,* 131 U. S. 176, 9 Sup. Ct. 672. In that case, prosecution under a statute prohibiting unlawful cohabitation, the descriptive language of which statute is, "hereafter cohabit with more than one woman," was held to be a bar to a prosecution for adultery. The defendant in that case was indicted in the territory of Utah. The statute was the act of the 22d of March, 1882, 22 Stats. 31. The court in its opinion discussed the case of *Morey v. Commonwealth,* 108 Mass. 433, stated that that case, in their opinion, was distinguishable from the *Nielsen Case* on the ground that the crime of lewd and lascivious association and cohabitation might include or exclude elements essential to the crime of adultery, and said:

"It may be contended that adultery is not an incident of unlawful cohabitation, because marriage of one of the parties must be strictly proved. To this it may be answered, that whilst this is true, the other ingredient (which is an incident of unlawful cohabitation) is an essential and principal in-

gredient of adultery; and, though marriage need not be strictly proved on a charge of unlawful cohabitation, yet it is well known that the statute of 1882 was aimed against polygamy, or the having of two or more wives; and it is construed by this court as requiring, in order to obtain a conviction under it, that the parties should live together as husband and wives."

Under the peculiar circumstances of that case, we do not feel bound by it in the interpretation of the statutes which we have under consideration, or as affecting the former jeopardy provisions of the constitution of the state of Wisconsin. 9 Federal Statutes, Annotated, p. 265. We rest our decision upon the proposition pointed out, that the open conduct prohibited by our state statute against lewd and lascivious behavior is an offense, the punishment of which is calculated to protect society from the deteriorating influence of such examples.

Adultery is a different offense. In *Morey v. Commonwealth, supra,* it was held that a conviction upon an indictment for lewd and lascivious cohabitation was no bar to the conviction and sentence of the same defendant upon an indictment for adultery, although proof of the same acts of unlawful intercourse was introduced on both indictments. The principle of the decision as stated in the syllabus is that, although proof of one particular fact is necessary to a conviction under either of the two statutes, yet if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either is no bar to prosecution and punishment under the other. In that case it was said:

"A conviction or acquittal upon one indictment is no bar to a subsequent conviction and sentence upon another, unless the evidence required to support a conviction upon one of them would have been sufficient to warrant a con-

viction upon the other. The test is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense. A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other."

The offenses are not the same when there are distinct elements in one which are not included in the other, though both relate to one transaction. This proposition is maintained in 1 Bishop, Criminal Law (9th ed.), p. 775, § 1051, although the author does say that the exact limits of the proposition are difficult to define. Authority may be found holding contrary to our conclusion, but applying the proper test to this case it is clear that the charge of lewd and lascivious behavior and the crime of adultery are not the same offense. Each is a separate and distinct offense. *Morey v. Commonwealth, supra; Arrington v. Commonwealth,* 87 Va. 96, 12 S. E. 224; 1 Wharton, Criminal Law (11th ed.), p. 507, § 393; 1 Bishop, Criminal Law (9th ed.), p. 775, § 1051; *People v. Townsend,* 214 Mich. 267, 183 N. W. 177; *State v. Roberts,* 169 Wis. 570, 173 N. W. 310, 78 A. L. R. 1213; L. R. A. 1915A 256; 8 R. C. L. p. 149, § 135.

*By the Court.*—Question reported is answered "No."