WAGNER, Plaintiff in error, vs. THE STATE, Defendant in error.

*March 8—April 2, 1935.*

*R. R. Williams* of Marshfield, for the plaintiff in error.

For the defendant in error there was a brief by *Chas. M. Pors,* special assistant district attorney of Wood county, and oral argument by *Mr. Pors* and *Mr. J. E. Messerschmidt,* assistant attorney general.

FRITZ, J. Defendant contends that the evidence was insufficient to establish his guilt beyond a reasonable doubt on either charge; and that, in order to sustain a conviction on the charge that his breaking and entry was with the intent to commit the crime of adultery, in violation of sec. 343.10, Stats., it was essential, as the consummation of adultery was necessarily contingent upon the consent of the female, that his intent must have been founded on some reasonable probability of obtaining such consent. No useful purpose will be served by any extended statement of the facts, which were established beyond reasonable doubt, and fully supported the jury's verdict and the judgment. It suffices to note that the evidence establishes beyond any reasonable doubt that, on

July 15, 1934, between 2 and 3 a. m., the defendant, a married man, did unlawfully break and enter the dwelling house of Matt Roder, with the intent to commit the crime of adultery with the person of Elizabeth Roder, in violation of sec. 343.10, Stats.; and that while in that dwelling, under those circumstances, and for that purpose, he made an actual assault upon the person of Matt Roder, in violation of sec. 343.09, Stats.

That the defendant did unlawfully break and enter that house, within the meaning of those terms as they are used in secs. 343.09 and 343.10, Stats., and defined in sec. 343.13, Stats., and construed in *Nicholls v. State,* 68 Wis. 416, 421, 32 N. W. 543, was well established by the proof that the defendant, without any invitation or license to enter, broke a screen door and forced it open by pulling out a hook, and then forcibly, and against the protests of Roder, who was standing in the doorway to prevent defendant's entry, pushed him aside and, forcing his way into the house, entered and searched it in spite of Roder's efforts to defeat defendant's purposes.

Likewise, that that unlawful breaking and entry was with the intent on the part of the defendant to commit a felony, within the meaning of that term, as used in sec. 343.09, Stats., was established by proof that, upon entering, he stated that he wanted to enter and have sexual intercourse with Roder's housekeeper; and that he searched the rooms of the house looking for the woman in order to effect that purpose. On the other hand, the establishment of such intent on his part to commit such a felony, as was necessary to sustain a conviction under secs. 343.09 and 343.10, Stats., was not defeated by the fact that the woman did not intend to consent to such intercourse, but, instead, hid from him and finally escaped through a window; or the further fact that he may not have known that she was the lawful wife of Roder. Whether

she was married or not, was of no legal consequence in the determination of whether the crime of adultery would have been committed by the defendant if he had succeeded in having intercourse with her. As he was a married man, such intercourse would have rendered him guilty of that crime, even though she was unmarried. *Hunter v. United States,* 1 Pin. 91; *State v. Fellows,* 50 Wis. 65, 6 N. W. 239; *State v. Roberts,* 169 Wis. 570, 173 N. W. 310. As that crime of adultery would have been punishable by imprisonment in the state prison (sec. 351.01, Stats.), it would have constituted a "felony," as that term must be construed when used in any statute. Sec. 353.31, Stats. That section is, of course, applicable to the term "felony" which is used in secs. 343.09 and 343.10, Stats., and consequently that term, as therein used, includes the crime of adultery, which, under sec. 351.01, Stats., is punishable by imprisonment in the state prison.

On the other hand, the fact that the woman was unwilling to have the intercourse with the defendant, as he had intended, and that his intent in that respect may not have been founded on any reasonable probability of the woman's consenting thereto, so as to enable him to succeed in committing the crime of adultery, was not involved, as a matter of law, in determining whether he unlawfully entered with the intent to commit that felony. Actually succeeding or even reasonable probability of succeeding in committing the intended felony is not an essential element of the crime under secs. 343.09 and 343.10, Stats. It is sufficient that, in breaking and entering, the accused then intended to commit a felony, even though the actual commission thereof was impossible because of circumstances of which he did not know, and because of which there was no reasonable probability of his succeeding in committing the intended felony. See *Monk v. State,* 105 Ark. 12, 150 S. W. 133; *Wheeler v. State,* 79 Neb. 491, 113 N. W. 253; *State v. Beal,* 37 Ohio St. 108; *Thomas v. State,*

107 Ark. 469, 155 S. W. 1165; *Schultz v. State,* 88 Neb. 613, 130 N. W. 105; *People v. Shaber,* 32 Cal. 36; *Hale v. Commonwealth,* 98 Ky. 353, 33 S. W. 91; *State v. Emmons,* 72 Iowa, 265, 33 N. W. 672; *State v. Golden,* 86 Minn. 206, 90 N. W. 398, 400. As was said in the case last cited: "The sting of the crime is, in short, the guilty purpose, without reference to the possibility of accomplishing it in any given instance."

*By the Court.*—Judgment affirmed.