State, Respondent, vs. Jackson, Appellant.

*June 5—June 24, 1935.*

*Levi H. Bancroft* of Richland Center and *J. Henry Bennett* of Viroqua, for the appellant.

For the respondent there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, and *Martin Gulbrandsen,* district attorney of Vernon county, and oral argument by *Mr. Gulbrandsen* and *Mr. Messerschmidt.*

NELSON, J.  The contentions of the defendant which we deem sufficiently important to merit consideration may be summarized as follows:

(1) The court erred in overruling his demurrer to the information; (2) the court erred in not requiring the state to elect upon which count it would try the defendant; (3) the court erred in admitting evidence of other sales of

liquor by the defendant to Dick Bray, the state's principal witness, at times prior to May 25, 1934; (4) the court erred in stating upon the trial that the venue had been sufficiently proved, and that no further testimony as to venue was necessary, thereby invading the province of the jury; (5) the court erred in not promptly condemning a statement made by the district attorney during his argument to the jury in which he commented on the failure of the defendant to take the stand, in not then and there specifically instructing the jury as to the defendant's rights in that regard, and in not admonishing the jury to disregard such improper remark; (6) the court erred to his prejudice in instructing the jury; and (7) that the court erred in imposing sentence upon him.

(1) Defendant's first contention is that his demurrer should have been sustained because Count 1 states no offense known to the law. Count 1 charged that on May 25, 1934, the defendant did sell and offer for sale and expose for sale, exchange, and barter, etc., contrary to the provisions of sec. 139.03 (9). A reading of said sub. (9) clearly reveals that Count 1 does not charge an offense under that subsection. Sub. (9) relates to the counterfeiting of stamps, not to the sale, exchange, or barter of intoxicating liquors without them. Count 1 of the information substantially follows the language of sec. 139.03 (8), as amended by ch. 3, Laws of Special Session 1933–1934, which enacted sec. 139.27. In our opinion, such error could not have misled the defendant or prejudiced his rights. Count 1 fully and accurately advised the defendant as to the nature of the offense charged. *Jicha v. State,* 189 Wis. 620, 208 N. W. 479.

The defendant next contends that the information is bad for duplicity because it charges two offenses in a single act or transaction.. The defendant, in Count 1, was charged with selling intoxicating liquors without having stamps on

the container. In Count 2 he was charged with selling intoxicating liquors without a license or permit. The facts adduced upon the trial show that the two offenses are based upon one sale of intoxicating liquor to the witness Bray. It does not, however, follow that the defendant may not be charged with and convicted of both offenses. In *State v. Brooks,* 215 Wis. 134, 254 N. W. 374, it was held that Brooks was properly convicted of adultery, although he had theretofore been convicted of the crime of lewd and lascivious conduct, both charges being grounded upon a single transaction. It was held that adultery and lewd and lascivious conduct were properly considered separate offenses. The law of *Morey v. Commonwealth,* 108 Mass. 433, was followed. In that case it was said:

"A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other."

The doctrine of *State v. Brooks, supra,* is clearly applicable to the case at bar. Count 1 required proof of a sale of intoxicating liquors without its container being stamped. Count 2 required proof of a sale of intoxicating liquors without a license or permit. In our opinion the defendant was properly prosecuted under Counts 1 and 2 for two separate and distinct offenses. There was no error, therefore, in overruling the defendant's demurrer to the information.

(2) The defendant next contends that the court erred in not requiring the state to elect upon which count of the information it would proceed. That contention is without merit, since the state was permitted to charge two separate crimes in the same information.

(3) The defendant next contends that the court erred in admitting evidence of sales of liquor to Dick Bray, the state's principal witness, at times prior to May 25, 1934.

Although the defendant strenuously objected to the introduction of such testimony, the court admitted it on the theory that it was competent to show intent. Intent, however, is not an element of selling liquor without stamps or selling liquor without a license. The admission of such testimony was clearly error and prejudicial, if received for the purpose of proving that the defendant was guilty of the specific charge or charges made against him. *Boldt v. State,* 72 Wis. 7, 16, 38 N. W. 177; *Fossdahl v. State,* 89 Wis. 482, 485, 62 N. W. 185. The rulings in the *Boldt* and *Fossdahl Cases* have been repeatedly recognized as the law of this state. *Dietz v. State,* 149 Wis. 462, 468, 136 N. W. 166; *Hess v. State,* 174 Wis. 96, 99, 181 N. W. 725; *Faull v. State,* 178 Wis. 66, 69, 189 N. W. 274.

The court instructed the jury as follows:

"Now, there has been some testimony introduced in this case and evidence was admitted, tending to show previous sales of liquor by the defendant to the complaining witness, Bray. You are instructed that you are not to consider such evidence as proof of the particular offense charged in this information, which is definitely set on the 25th day of May, 1934. You may consider such evidence only as bearing upon the relationship between the parties *and as bearing upon the probability or improbability of the fact as to the alleged sale on the 25th of May, 1934* [italics ours], and with regard to such testimony as bearing on the question of identity of the party alleged to have made the sale on the 25th of May, if you believe there was any such sale in fact made."

In these instructions the court recognized a well-established rule that evidence of independent and separate crimes, while inadmissible to prove the guilt of one for a criminal offense, is admissible where it tends to aid in identifying the accused as the person who committed the particular crime under investigation, although such evidence may also tend to show the guilt of the accused. See the following annotations: 3 A. L. R. 1540; 22 A. L. R. 1016; 27 A. L. R. 357;

63 A. L. R. 603. Had the court instructed the jury that it might consider the evidence of previous sales of liquor by the defendant to Bray as bearing upon the question of the identity of the person who sold liquor to Bray on May 25, 1934, it would have been proper, but the court specifically told the jury that it might consider such evidence "as bearing upon the probability or improbability of the fact as to the alleged sale on the 25th of May, 1934." That instruction was erroneous and prejudicial to the defendant.

(4) The defendant further contends that the court erred in stating upon the trial that the venue had been sufficiently proved and that no further testimony as to venue was necessary, thereby invading the province of the jury. The venue laid in Count 1 was "city of Viroqua, in said county" (Vernon). So far as that count is concerned, it was only necessary to prove that that offense was committed within the county. The evidence tended to show that the alleged sale of intoxicating liquor was completed by delivery thereof without the limits of the city of Viroqua and at a place located about a mile and a half from the limits of the city, on or near to State Trunk Highway No. 27, toward the asylum. Later on the following question was asked:

"And this liquor on the 25th day of May was delivered to you in Vernon county, Wisconsin?"

That question being objected to as leading, the court said:

"He has already said so. I will take judicial notice the asylum is in the county."

In our opinion the remark of the trial court was not prejudicial. We also think that the proof of venue was sufficient to sustain the verdict. Venue, like any other fact, may be established by proof of facts and circumstances from which it may be inferred. Any map of Wisconsin will show that a mile and a half from Viroqua on Highway No. 27 is clearly within Vernon county. See *Kellar v. State,* 174 Wis.

67, 182 N. W. 321. The venue of the offense charged in Count 2 is "city of Viroqua, in said county." As before stated, the proof showed that the sale was completed without the city of Viroqua, in the town of Viroqua. It is very doubtful whether proof of a sale of intoxicating liquors in the town of Viroqua without a license or permit would sustain a charge of a sale of intoxicating liquor without a license or permit in the city of Viroqua. However, we need not now decide whether the failure of the state to prove a sale within the city of Viroqua constituted a fatal variance. When a district attorney is confronted with such a situation it would be the better practice to amend the information to correspond with the proofs. Since this case must be sent back for a new trial, the district attorney will have an opportunity to amend the information.

(5) The defendant further contends that the court erred in not promptly condemning a statement made by the district attorney during his argument to the jury which called the attention of the jury to the fact that the defendant had not taken the stand, in not then and there specifically instructing the jury as to the defendant's rights in that regard, and in not admonishing the jury to disregard it. It appears from the record that, while arguing to the jury, the district attorney said:

"The defendant didn't take the stand and he didn't have a license in the town of Viroqua."

The defendant's attorney objected to the remark, whereupon the court simply said: "Sustained." Just what preceded the making of that statement does not appear so we can consider only the remark as it is certified in the bill of exceptions. Similar comment by district attorneys has been characterized as a "gross impropriety." *Martin v. State,* 79 Wis. 165, 48 N. W. 119; *Dunn v. State,* 118 Wis. 82, 94 N. W. 646; *Haffner v. State,* 176 Wis. 471, 187 N. W.

173; *Werner v. State,* 189 Wis. 26, 206 N. W. 898. Such comment also violates sec. 325.13 (2), Stats. When the improper remark was made the court should have promptly condemned it, specifically instructed the jury as to the rights of the defendant to take the stand or not as he saw fit, and admonished the jury to ignore the remark. Simply sustaining an objection to such unfair comment was not sufficient to counteract its prejudicial effect.

(6) The defendant next contends that the court erred to his prejudice in instructing the jury. The prejudicial instructions have already been considered in connection with defendant's third contention.

(7) The defendant further contends that the court erred in imposing sentence. On Count 1, the court sentenced the defendant to the Wisconsin state prison for the general indeterminate term of not less than one year nor more than two years. That sentence was no doubt imposed pursuant to the provisions of sec. 359.14 and was therefore not erroneous. It was within the limits authorized; therefore, it is not for us to say that it was excessive. *Mueller v. State,* 208 Wis. 550, 243 N. W. 411. As to the sentence under Count 2, it is not clear whether the court sentenced the defendant under the provisions of sec. 176.04, as enacted by the legislature in its special session 1933–1934 (ch. 13), or under sec. 359.14. However, it was improper under either section. Sec. 176.04 provides:

"Any person who shall, without a license or permit, vend, sell, deal, or traffic in, or, for the purpose of evading any law of this state, give away any intoxicating liquors in any quantity whatever, shall be guilty of a misdemeanor and be punished by a fine of not less than twenty-five dollars nor more than two hundred dollars, besides costs; or, in lieu of such fine, by imprisonment in the county jail or house of correction not to exceed one year nor less than three months, and in case of punishment by fine unless the fine and costs be paid forthwith be committed to the county jail or house'

of correction until they are paid or until discharged by due course of law; and in case of a second or subsequent conviction of the same person during any year the punishment shall be both by fine and imprisonment."

There is no authority given by that section to impose both a fine and a jail sentence for a first conviction during any year. The sentence was also improper under sec. 359.14. Under that section a person may be punished by imprisonment in the county jail not less than the shortest time fixed for such offense (three months) and not more than one year, or by imprisonment in the state prison not more than three years nor less than one year. Were the excessive sentence the only error, we would set it aside and remand the cause to permit the trial court to impose a proper sentence. *Luitze v. State,* 204 Wis. 78, 234 N. W. 382.

However guilty an accused may appear to a trial court to be, it should not be forgotten that he is entitled to a fair trial according to the established rules of procedure and principles of law. *Boldt v. State, supra.*

*By the Court.*—Judgment reversed, with directions to grant the defendant a new trial.