CASE 59—INDICTMENT—DECEMBER 3.

# Hale v. Commonwealth.

APPEAL FROM LIVINGSTON CIRCUIT COURT.

1. INDICTMENT FOR BREAKING STOREHOUSE.—An indictment under section 1164 of the Kentucky Statutes for breaking a storehouse need not allege that there were in the storehouse at the time it was broken, any goods, wares or merchandise.

2. SAME.—The allegation in the indictment in this case that the defendant "did feloniously break and enter the storehouse of John B. Ledberry" sufficiently describes the house broken.

3. INSTRUCTIONS TO JURY.—While it is improper for the court in instructing the jury to single out and give prominence to any par-

ticular fact proved that bears upon the issue, the court did not err in this case in indicating the "breaking of a pane of glass" as one of the various modes by which a breaking could be committed, as the court did not thereby intimate to the jury that the defendant did in fact break a pane of glass, which was shown to have been broken, and through which a hand might have been thrust far enough to unlock the door of the storehouse.

JNO. K. HENDRICK FOR APPELLANT.

1. The indictment is not good because it does not allege that there was anything of value in the house broken.
2. The house alleged to have been broken is not sufficiently described in the indictment.
3. The court erred in its instructions to the jury in singling out a part of the evidence and giving undue prominence to it.

WM. J. HENDRICK, ATTORNEY-GENERAL, FOR PPELLANT.

Argued orally.  No brief filed.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellant was indicted and convicted for the offense of feloniously breaking and entering a storehouse with intent to steal therefrom, committed as follows: "The said Bud Hale, in said county of Livingston, on May—, 1894. * * did feloniously break and enter the storehouse of John B. Ledberry, a depository for goods, wares and merchandise, with intent to steal therefrom property of value."

It is argued by counsel the indictment is defective because, first, it does not contain a statement that there were, at the time the storehouse was broken, any goods, wares, or merchandise in it; second, there is not a sufficient description of the storehouse.

Sec. 1164, Ky. Stats., under which indictment was found, provides: "If any person shall feloniously, in the night or day, break any warehouse, storehouse, office, shop or room in a

steam, wharf or other boat, whether such place be or be not a depository for goods, wares and merchandise, and whether the goods, wares and merchandise be or be not exposed for sale in such place, with intent to steal, or shall feloniously take therefrom or destroy any goods, wares, merchandise or other thing of value, whether the owner or other person be or be not in such house, office, room or shop, he shall be confined in the penitentiary not less than one nor more than five years."

In order to make out, in the meaning of that section, the crime of which appellant was convicted, it must be charged in the indictment, and of course proved, that the accused did feloniously break some such place as is there described with intent to steal therefrom property of value. But it is not necessary to charge that he did actually steal or take away anything. Nor need it be charged, or even proved, except as a fact bearing on the question of guilt of the accused, that the place broken contained at the time any goods, wares, merchandise or other thing of value; for a person may, under mistaken belief that a place ordinarily used as a depository for goods, wares or merchandise contains property the subject of larceny, feloniously and with intent to steal, break it, and be consequently as guilty of the offense in question as if the place had actually been full of goods, wares, and merchandise. The indictment is, therefore, not defective, for the first reason suggested by counsel. Nor was it necessary, under the circumstances of this case, to give a more particular description of the house charged to have been broken than to state, as was done, that it was the storehouse of John B. Ledberry, in Livingston county; for thereby was appellant, being a person of common understanding, enabled to know what place was intended, and was the court enabled

to pronounce judgment on conviction according to the right of the case.

The instructions, we think, embody a full and correct exposition of law applicable to this case. It, however, appeared in evidence there was a hole in the window, caused by breaking a pane of glass, not done, as he testified, by owner of the storehouse, through which the hand of a person might have been thrust far enough to reach and turn the key of the back door, and in that way enter the storehouse. And the lower court undertaking, in one of the instructions given, to explain and illustrate the character and degree of force necessary to constitute a "breaking," as mentioned in the indictment, and also a preceding instruction, indicated as one of the various modes enumerated by which the act could be committed, "breaking a pane of glass."

This court has frequently held it improper and prejudicial for a court, in trying either a civil or criminal case, to single out and give prominence to any particular fact proved that bears upon the issue which it is the exclusive province of the jury to try and determine. But it was the duty of the court, in this instance, to instruct the jury as to the legal meaning of the term "breaking," and reference to the particular mode by which appellant might have broken and entered the storehouse, where he admits he was, was not improper or prejudicial, because it did not amount to expression of the court's opinion, or even the suggestion, that he did, in fact, break the pane of glass.

In our opinion there was no error of law on the trial. Wherefore, the judgment is affirmed.