STATE v. EDWARD GOLDEN.[1]

May 16, 1902.

Nos. 12,883—(26).

**Burglary—Indictment—Allegation of Ownership.**

An indictment for burglary in the third degree, alleging that the defendant broke and entered the warehouse of the Halvorson-Richards Company, with intent to commit the crime of larceny therein, sufficiently alleges the ownership of the building. It was not necessary to allege that the company was a corporation or a copartnership, nor that there were then in the building any chattels which could be the subject of larceny.

Case certified from the district court for Beltrami county, Mc-Clenahan, J., wherein defendant was convicted of the crime of burglary in the third degree. Judgment affirmed.

*Charles W. Scrutchin*, for appellant.

*W. F. Street*, County Attorney, for the State.

[1] Reported in 90 N. W. 398.

STArT, C. J.

The defendant, Edward Golden, upon his trial for burglary in the third degree in the district court of the county of Beltrami, was found guilty as charged in an indictment, the here material allegations of which are these:

"The said Edward Golden  *  *  *  on the ninth day of May, A. D. 1901, at the village of Bemidji, in the county of Beltrami and state of Minnesota, did break and enter the warehouse of the Halvorson-Richards Co., with intent to commit the crime of larceny therein, as follows, to wit: The said Edward Golden  *  *  *  in the nighttime of said day did break the outer window of the said warehouse with an axe for the purpose of entering the said warehouse thereby, and  *  *  *  did then and there enter the said warehouse by said outer window so broken, with intent to commit the crime of larceny therein, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Minnesota."

He then moved the court for arrest of judgment because (a) the indictment fails to allege the ownership of the warehouse; (b) it does not show against whom the offense was committed, in that it fails to allege whether Halvorson-Richards Company is a partnership or a corporation; (c) it fails to show that there were goods or anything that could be the subject of larceny in the warehouse. The motion was overruled, and the defendant sentenced to imprisonment in the state's prison for the term of one year. Thereupon the trial court, at the request of the defendant, certified the questions arising upon the motion to this court, pursuant to G. S. 1894, § 7395.

1. The first and second objections to the indictment are practically the same, and are to the effect, as stated in the defendant's brief, that the indictment is lacking in certainty as to ownership of the warehouse; for there is nothing alleged therein to show who the Halvorson-Richards Company is, whether a corporation or a copartnership. If the former, the name of the corporation should be set out, with an allegation of its corporate existence; if the latter, the names of the individual members thereof should be set out. .

Ownership of the building broken and entered is not one of the essential elements of burglary in the third degree, which, so far as

here material, is the breaking and entering a building, or any part thereof, with the intent to commit a crime therein. G. S. 1894, § 6679. The gist of this offense is the breaking and entering any building with intent to commit a crime therein, and it is only necessary to allege the ownership of the building for the purpose of identifying it, and informing the defendant of the particular crime with which he is charged, and thereby secure him against another indictment for the same offense. For this purpose, the allegation of the indictment that the defendant "did break and enter the warehouse of the Halvorson-Richards Co." is a sufficient allegation of the ownership of the building, for

"No indictment is sufficient, nor can the trial, judgment, or other proceedings thereon be affected, by reason of a defect or imperfection in matter of form, which does not tend to the prejudice of the substantial rights of the defendant upon the merits." G. S. 1894, § 7248.

The indictment advises the defendant that he is charged with burglarizing a warehouse in the village of Bemidji belonging to the party named, and in plain language identifies the building, and informs him of the precise offense with which he is charged. The omission to allege that the party to whom the building belonged was a corporation or a copartnership cannot in any way prejudice the substantial rights of the defendant upon the merits. Counsel for the defendant, however, suggests that there may be several Halvorson-Richards companies in the village named. We cannot assume that such is the case. But, if it were, an allegation that the party was a corporation or a copartnership would not make the indictment any more certain.

Allegations similar to the one under consideration have been held sufficient by the courts of other states. In People v. Henry, 77 Cal. 445, 19 Pac. 830, the information charged the defendant with having feloniously entered the warehouse of the San Diego & Coronado Water Company with intent to commit larceny therein. The objection was made that the information did not allege whether the company was a corporation or a copartnership. The court held that the ownership of the building was sufficiently alleged. In People v. Rogers, 81 Cal. 209, 22 Pac. 592, the informa-

tion charged that the defendant burglariously entered the store occupied by Jones & Harding, and it was held that it was not necessary to allege that they were partners. In Hatfield v. State, 76 Ga. 499, it was held that an allegation in an indictment for burglary that the defendant broke and entered the storehouse of the Walker Iron & Coal Company with intent to commit the crime of larceny therein was sufficient, without stating whether the company was a corporation or a firm. In Fisher v. State, 40 N. J. L. 169, the building broken and entered was alleged to be the storehouse of the Oxford Iron Company, and it was held to be a sufficient allegation of the ownership of the building without alleging that the company was a corporation. See also in this connection, State v. Clifton, 30 La. An. 951, and 1 lly v. State, 21 Fla. 242.

We therefore hold, on principle and authority, that the ownership of the building burglarized is properly alleged in this case.

2. It was not necessary to allege in the indictment that there were any goods in the warehouse at the time of the breaking and entry thereof which could be the subject of larceny. A breaking and entering the building with intent to steal chattels therein completes the offense, even if there be at the time in fact no goods in the building. If the defendant supposed that there were goods in the warehouse, and broke and entered it with the intent to steal them, the fact that he was mistaken in his belief does not lessen the criminal intent with which he did the act. "The sting of the crime is, in short, the guilty purpose, without reference to the possibility of accomplishing it in any given instance." People v. Shaber, 32 Cal. 36; Hale v. Commonwealth, 98 Ky. 353, 33 S. W. 91; State v. Emmons, 72 Iowa, 265, 33 N. W. 672.

It follows that the indictment in this case is good, and the defendant's conviction right.

Judgment affirmed.