## Mulligan v. Commonwealth.

(Decided June 14, 1911.)

### Appeal from Jefferson Circuit Court (Criminal Division).

1. House Breaking—Mere Breaking With Intent to Steal Sufficient to Constitute Offense—Under section 1164 Ky. Stats., the mere breaking into a warehouse with a felonious intent to steal therefrom property of value, is sufficient to constitute the offense of house breaking without property actually having been taken, and while appellant did not steal anything of value while in the building, according to the evidence, this was due to his arrest before the larceny could be accomplished.

2.  Instructions—An instruction submitting to the jury the question of whether appellant was guilty of a mere breaking into the building, and therefore of only a trespass, was not authorized by the evidence.

P. T. SULLIVAN for appellant.

JAMES BREATHITT, Atty. Genl., THEO. B. BLAKEY, Asst. Atty. Genl. for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellant was indicted in the court below for the crime of housebreaking as defined by section 1164, Kentucky Statutes. The trial resulted in a verdict finding him guilty and by judgment of the court his punishment was fixed at imprisonment in the penitentiary for an indeterminate period of not less than one nor more than five years. He was refused a new trial and has appealed.

It is urged in his behalf that the verdict of the jury was contrary to and unsupported by the evidence.

A brief statement of the evidence will demonstrate the fallacy of this claim. It shows that the warehouse of the Price and Lucas Cider and Vinegar Company, in the City of Louisville, was the building broken into and that appellant and a companion, Hawkins, were captured in the building on the night the offense was committed, shortly after they had effected an entrance therein.

The warehouse had been entered two nights before by a person or persons who appropriated from a barrel therein and carried away in a bag, with which it was covered, a hundred pounds of sugar, and perhaps other property of value, and on the night of appellant's and Hawkins' arrest, Cunningham, foreman of the Price & Lucas Cider and Vinegar Company, with the assistance of two policemen, was guarding the warehouse with the expectation that the housebreaker of the previous night would again break into the building to commit other larcenies. Cunningham's expectations were realized, for appellant and Hawkins broke into the warehouse by raising a window on the first floor, and, through the opening thus made, entered the building. Proceeding from the first to the second floor, where Cunningham and the policemen were concealed, they approached the barrel from which, two nights before, the hundred pounds of sugar had been

stolen, and, upon reaching it, one of them struck a light, and, looking into the barrel, exclaimed, ''Oh, hell, there is nothing in it, it is empty tonight.'' At this juncture the intruders were arrested and taken to jail by the policemen, but before their removal from the warehouse Cunningham and the policeman discovered the raised window through which appellant and Hawkins had entered the building; and Cunningham testified that the window and all other openings to the building were closed and secured when he and the policemen began their watch in the upper story.

Hawkins did not testify upon appellant's trial, but appellant attempted to explain their presence in the warehouse at the time of their arrest by claiming that they had entered the building late in the afternoon for the purpose of taking a nap, at which time it was open and their entrance effected through a door; that upon getting into the building they laid down on the first floor and went to sleep and did not awake until some time in the night, when they found themselves in the dark and, being unconscious of their surroundings, wandered to the upper story of the building in the effort to find some means of egress therefrom. He denied that he or Hawkins made the exclamation testified to by Cunningham and the policemen, or that he or Hawkins had previously broken into the warehouse or stolen the sugar from the barrel on the upper floor. This explanation was a lame one and apparently had no weight with the jury, in view of the positive testimony of Cunningham as the two policemen which abundantly demonstrated appellant's guilt.

His counsel further insists that as the proof fails to show that any property of the owners was taken from the warehouse by appellant on the occasion in question, his act of breaking into the warehouse was a mere trespass, and that the court erred in failing to instruct the jury upon this aspect of the case. This contention is unwarranted by the facts. The indictment was found under section 1164, Kentucky Statutes, which provides:

''If any person shall feloniously, in the night or day, break any warehouse * * * whether such place be or be not a depository for goods, wares or merchandise, and whether the goods, wares and merchandise be or be not exposed for sale in such place, with intent to steal, or shall feloniously take therefrom or destroy any goods,

wares or merchandise, or other thing of value, whether the owner or other person, be or be not in such house, * * * he shall be confined in the penitentiary not less than one nor more than five years.''

It will be observed from the reading of the section, supra, that the mere breaking into the warehouse by appellant with a felonious intent to steal therefrom property of value was sufficient to constitute the offense charged, without his actually taking such property, and according to the evidence the fact that he did not steal anything of value while in the building was due to his arrest before the larceny could be accomplished.

He also complains that the trial court erred in admitting proof of the exclamation made by him or Hawkins immediately before their arrest. The evidence in question was clearly competent as a part of the res gestae; it was also competent as tending to show appellant guilty of the previous breaking of the warehouse two nights before his arrest; although not on trial for the previous breaking, proof of his guilt thereof was competent to show the intention with which he broke into the warehouse at the time of his arrest.

Appellant does not object to the instructions that were given the jury, and our examination of the record having convinced us that no error was committed by the circuit court in any ruling made during the trial, the judgment is affirmed.