## Commonwealth, for Use v. Bollinger, et al.

(Decided April 17, 1923.)

### Appeal from Christian Circuit Court.

1. Appeal and Error—Appellant Cannot Complain of Evidence he Brought Out on Cross-Examination.—Appellant cannot complain that the court erred in allowing evidence of other transactions, where he brought out practically all of it on cross-examination.

2. Arrest—Marshal can Barricade Street to Aid in Making Arrest.— If a town marshal had reasonable grounds for believing that plaintiff had committed a felony so as to be within his rights in attempting to arrest plaintiff, he did only his duty in putting an obstruction across the street and stationing himself under the light in front of it to signal plaintiff to stop.

3. Arrest—Reasonable Grounds for Belief Felony was Committed May be Question of Fact.—Whether an officer had reasonable grounds for believing plaintiff had committed felony so as to be entitled to make an arrest without a warrant under Criminal Code of Practice, section 36, is often a question of fact, and, when the facts are mixed, it is the duty of the court to submit the question to the jury.

4. Municipal Corporations—Instructions Submitting Whether Defendant Had Reasonable Grounds for Arrest Held Correct.—In an action against a town marshal for injuries inflicted on plaintiff when the marshal attempted to arrest him, an instruction that if the jury believed the marshal had received information that a person who turned out to be plaintiff had committed a felony by running his automobile against another person and killing him, and believed in good faith that the information was true, and had reasonable grounds for so believing, the marshal had the right to prepare for and use such reasonable means in his power to effect the arrest of plaintiff and to summon private citizens to aid him, and the jury should find for defendant, was correct.

5.  Municipal Corporations—Evidence Held to Warrant Instruction on
    Reasonable Grounds to Believe Felony Had Been Committed.—
    Evidence that a town marshal had received a telephone communi-
    cation that an automobile driver had struck and killed a man in
    another town, and had also been told by the marshal of the other
    town, who had just come in his automobile, that the guilty driver
    was but a short distance behind, held· sufficient to warrant the
    marshal in believing that a felony had been committed, so that
    he was justified in attempting to arrest plaintiff by placing an ob-
    struction across the street and firing upon plaintiff when he re-
    fused to obey the command to stop.

    O. H. ANDERSON for appellant.

    TRIMBLE & BELL and JAMES B. ALLENSWORTH for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

While driving his automobile from Elkton by way of
Trenton and Pembroke to Hopkinsville, in April, 1920,
appellant L. O. Crawford was halted and fired on in Pem-
broke by appellee Harry Bollinger, policeman of Pem-
broke, and a posse whom he had summoned to help make
an arrest and who were directed to and did attempt to
arrest, to them at the time an unknown man, or informa-
tion that he had run down and seriously injured or killed
a doctor in Elkton. Several bullets passed through the
car driven by appellant, and one bullet passed through
his clothing; powder from a discharged pistol burned his
face and his car was wrecked and practically destroyed
by a collision with an obstruction placed by the officer
and his posse in the street of Pembroke, for the purpose
of stopping appellant and his car. This suit was insti-
tuted in the name of the Commonwealth of Kentucky for
the use and benefit of Crawford against Bollinger as po-
liceman and his surety, United States Fidelity and Guar-
anty Company, of Baltimore, and against James Denny
and Clarence Buckner and Arthur Hampton, whom it is
alleged were members of the officer's posse and who took
part in the placing of the obstruction in the street and in
the firing of the weapons which injured and destroyed
the car, and frightened and humiliated appellant Craw- ·
ford, to recover damages in the sum of $50,000.00 for the
injury to Crawford, and $1,000.00 for injury to his auto-
mobile.

By answer appellees Bollinger and Denny admitted
that they had attempted to accomplish the arrest of ap-
pellant Crawford in the town of Pembroke on the oc-

casion mentioned in the petition and had placed the obstruction in the street and had fired on appellant after commanding him to halt and after he had failed to stop his car and to submit to arrest, it being alleged that Bollinger was the regularly qualified and acting policeman of the said town and had summoned James Denny to assist him in making the arrest. It is further pleaded in the answer that appellant Crawford was transporting whiskey in his automobile at the time of the attempted arrest; that he was violating the ordinances of the town by exceeding the speed limit, and further that before his arrival in the town appellee Bollinger as policeman had received telephonic communication from persons in the towns of Trenton and Elkton that appellant Crawford had committed a felony in Elkton on that evening by wantonly and maliciously running down with his car and killing a man, and that pursuant to said instruction Bollinger, as policeman, had summoned Denny to aid in making the arrest, and that the two acting with others had placed some plows and other farming machinery across the street so as to prevent the passage of the car and had then stationed themselves at a convenient place under an electric light on the street along which appellant was expected to pass and there waited until appellant approached in his car when they signalled him to stop, and then cried out several times "Halt," all of which signals were ignored by appellant, who at the time was traveling at a high rate of speed, much in excess of that allowed by law, and who attempted to run his car against and over them and in doing so ran into and against the said obstruction, knocking the same out of his way and continuing his journey; that appellees were unable to and did not accomplish his arrest. The other individual defendants filed answer showing that they had no connection whatever with the attempted arrest except that they were summoned as members of the posse; and there being no evidence on the trial to show their connection with the attempted arrest the lower court properly directed a verdict in their favor. The United States Fidelity and Guaranty Company of Baltimore filed a joint answer with appellees Bollinger and Buckner in which it set forth with definiteness the terms and conditions of its bond of suretyship for Bollinger, policeman of Pembroke, and filed with its answer a copy of said bond, the terms of which clearly show that the guaranty company undertook merely to indemnify the city of Pem-

broke to the extent of $2,000.00 against loss through its policeman Bollinger from acts of dishonesty amounting to larceny or embezzlement and upon no other account. While this averment of the guaranty company was denied the exhibits introduced conclusively proved that the said company by its contract did not undertake to indemnify against wrongs such as the one complained of in the petition. The trial court, therefore, properly sustained appellee's motion for a directed verdict in favor of the surety company.

On a trial before a jury a verdict was returned in favor of the appellees Bollinger and Denny. Judgment being entered upon this verdict in accordance with its terms, Crawford, through the Commonwealth, prosecutes this appeal. He makes the following contentions:

1. The verdict was against the law.

2. The verdict was not supported by the evidence.

3. The verdict was contrary to the law and evidence.

4. The court erred in admitting incompetent evidence offered by defendants, duly objected and excepted to.

5. The court erred in rejecting competent evidence offered by plaintiff.

6. The court erred in giving instructions Nos. 2, 3, and A, which instructions were objected to and excepted to by plaintiffs at the time.

7. The court erred in refusing instructions B and C offered by plaintiffs and which ruling of the court was objected and excepted to by plaintiffs at the time.

Of all these contentions he argues the sixth one alone at length. However, he does insist that the court erred in allowing the evidence showing what happened to appellant Crawford in Elkton and Trenton on his way to Pembroke. Of this evidence he is in no position to complain for on cross-examination he brought out practically all of it.

Coming now to the consideration of the sixth ground upon which he relies, reading: "The court erred in giving instructions Nos. 2, 3 and A, which instructions were objected to and excepted to by plaintiff at the time," we may say that instruction No. 2 relates to the measure of damages only, and of course had nothing whatever to do with the jury finding a verdict for the defendants.

The third instruction involves a construction of section 36 of the Criminal Code, reading:

"A peace officer may make an arrest . . . without a warrant when a public offense is committed in his

presence, or when he has reasonable grounds for believing that the person arrested has committed a felony.''

The question involved in this case is: Did the policeman Bollinger and his posse, acting under him at the time they placed the obstruction in the street and signalled appellant to stop and demanded his arrest, have reasonable grounds for believing that Crawford had committed a felony? As stated above the evidence shows in substance that some persons at Trenton, after appellant had passed through that town on his way to Pembroke, called up the depot agent in Pembroke and instructed him to inform Bollinger, the marshal, that appellant was traveling in that direction in a car and that he had run over and killed a person at Elkton, and to arrest him, and that the officers of Trenton were on their way to get him. Soon after that and after the marshal had made arrangements to arrest appellant as he came through the town and before his arrival a bunch of men in an automobile, including the marshal of Trenton, arrived in town and saw appellee Bollinger and told him in substance that appellant was only a short distance behind them coming in the direction of Pembroke and that it was their information that appellant had run over and killed a man at Elkton, and desired that appellee Bollinger arrest the appellant; that appellee relied upon and believed the statements and information he received from the marshal of Trenton and from the telephonic communication, and believed in good faith that appellant had committed a felony by running over and killing a person in Elkton, and acted upon that belief in attempting to arrest him. If that information amounted to reasonable grounds for believing that appellant Crawford had committed a felony, then the marshal was within his rights when he attempted to arrest appellant and he did nothing more than was his duty when he put the obstruction across the street of Pembroke and then stationed himself under an electric light in the middle of the street and signalled appellant Crawford to stop as he approached. What are reasonable grounds for believing one has committed a felony is often a question of fact. When the facts are mixed it is the duty of the court to submit the question to the jury. Instruction No. 3. directed the jury that if it believed from the evidence that Bollinger, as marshal of the town of Pembroke, received information that a person who turned out to be Crawford had committed a felony by running his automobile against another person

and killing him, and with a posse the said Bollinger attempted to arrest the plaintiff as he passed through Pembroke, and if the jury believe from the evidence that the said Bollinger believed in good faith that this information was true and the jury believe from the evidence that Bollinger had reasonable grounds for so believing, then in that event Bollinger had the right to prepare for and to use such reasonable means and force in his power to effect the arrest of Crawford, and had a right to summon private citizens to aid him . . . ; and if the jury further believe from the evidence that the said plaintiff refused to halt or stop but continued to run his machine and make his escape in defiance of said officer and thereby to resist arrest, then it was the duty of said officer to arrest the said Crawford upon the information received as aforesaid, . . . and they had a right to use such force as was necessary or apparently necessary in the exercise of reasonable judgment to overcome his resistance and efforts to resist arrest; and although defendant may have shot at appellant's machine, yet if the jury believe from the evidence that said Bollinger and Denny used no more nor greater force than was necessary or apparently necessary to accomplish the arrest of plaintiff, the jury should find for the defendants. It, therefore, appears that the question of whether the information in possession of appellee Bollinger was sufficient to produce in the mind of a reasonable person an honest belief that appellant had committed a felony for which he should be arrested, was clearly and fairly submitted to the jury, and when so submitted was found against appellant Crawford. We have held in the case of Grau v. Forge, 183 Ky. 521, and in the case of Comth. v. Riley, 192 Ky. 157, and again in the case of Klotz v. Lewis Cook, 184 Ky. 738, that although an officer has no warrant for the arrest of the accused, yet if he receive such information as would lead a reasonably prudent person to believe that the accused has committed a felony, the officer may arrest him without a warrant. In the case of Miles v. Brown, 143 Ky. 537, as well as in Klotz v. Cook, *supra,* it was held that the information contained in a telegram or telephonic communication was sufficient to furnish the officer with reasonable ground for believing that the accused was guilty of a felony, and to warrant the arrest. In this case there was both a telephonic communication to the officer telling him appellant was guilty of a felony, and a verbal statement from a public officer

of a neighboring town to the effect that appellant had committed a felony. The evidence shows that the persons giving this information to appellant Bollinger were substantial and reliable persons, and that he was justified in believing their statements. With this evidence in the record the trial judge was fully authorized in giving instruction No. 3, which in substance presented the law of the case.

Instruction "A" simply directed the jury to find and return a verdict for Arthur Hampton and the United States Fidelity & Guaranty Company of Baltimore. As there was no evidence tending to show that either Buckner or Hampton did any of the things of which appellant complains in his petition, they were entitled to a peremptory instruction. While the guaranty company was surety on the bond of appellant it did not undertake to indemnify persons against the wrongful acts of the policeman except such as amounted to theft or embezzlement.

There appearing no error to the substantial rights of appellant, the judgment is affirmed.

Judgment affirmed.