## Sorke v. Commonwealth.

(Decided Jan. 14, 1938.)

B. M. LEE for appellant.

HUBERT MEREDITH, Attorney General, and GUY H. HERD-MAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

At the November, 1936, regular term of the Harlan circuit court, and on November 8, its grand jury returned a joint indictment against Andy Bosko, and appellant and defendant below, Frank Sorke, accusing them of feloniously breaking and entering into the storehouse of the United State Coal & Coke Company with the felonious intent to take, steal, and carry therefrom property of the owner without its consent, and to appropriate same to their own use, which is a statutory offense created by section 1164 of our present statutes. In addition to making the foregoing charges, the indictment also (but unnecessarily) averred that the two accused defendants, after breaking into the described storehouse, took therefrom certain enumerated property of the value of more than $20. Two days thereafter, according to the record before us, this order was entered: "This case coming on for trial and the defendants being present in open court waived arraignment and entered a plea of guilty, waiving the three day waiting period. The defendants plead guilty to house breaking but deny the amount of goods taken therefrom was of the value of $20.00 or over."

A jury was immediately impaneled and, without the introduction of any evidence, the court instructed the jury to find the appellant guilty—he being the only one on trial—and to fix his punishment within the limitations prescribed by the statute. The jury did so by fixing the time at four years' confinement in the state penitentiary. Upon the return of that verdict the court immediately pronounced judgment in accordance therewith. Five days thereafter defendant filed his motion for a new trial, which contained only these grounds as constituting reversible errors: (1) Error of the court in not submitting to the jury the value of the goods and merchandise taken from the storehouse that was broken into, since defendant's plea of guilty, as appears in the above inserted order, stated that he denied "the amount of goods taken therefrom was of the value of $20.00 or

over"; (2) error in not giving an instruction on petit larceny, since the reservation in defendant's plea of guilty put in issue, as contended, the value of the property taken from the storehouse broken into and there was no evidence introduced as to its value; and (3) failure of the court to give to the jury the whole law of the case.

However, the argument of counsel for appellant takes a much broader range and discusses almost exclusively alleged errors not relied on at all in the motion for a new trial, some of which are entirely outside of the record and wholly unknown to the court, except from statements contained in brief. The extraneously argued grounds in brief are directed to the action of the court in (a) trying appellant less than 3 days after the return of the indictment; (b) pronouncing judgment immediately after the return of the verdict without waiting three days therefor, since the court was not about to adjourn; and (c) that defendant was little past eighteen years of age, bore a good reputation, and the accusation for which he was on trial was his first offense. The latter extraneously argued ground is the one that is entirely outside of the record. The other two, (a) and (b), do appear from the record, but, as stated, neither of them, nor the additional extraneously argued ground (c), was relied on in the motion for a new trial. The fact of the failure to do so constitutes an all-sufficient reason why they may not be considered by us on this appeal, since the error or errors contained in them, if any, were thereby waived and which rule of practice is so thoroughly settled in this and other jurisdictions that it would be a work of supererogation to cite authorities in substantiation thereof. But, if we should waive and put aside that rule of practice, it is then clear that neither of the extraneously argued grounds is sufficient to authorize a reversal of the judgment.

It will be observed that no objection whatever was made below to the arraignment and trial of appellant at the time it was had. Section 185 of the Criminal Code of Practice says: "If the defendant be in custody, or on bail, when the indictment is found, or be summoned or arrested three days before the time fixed for the trial, the trial may take place at the same term of the court, at a time to be fixed by the court." The indictment was returned on the 8th of December, 1936. The offense had

been previously committed, and the record clearly indicates that appellant was then in custody and which fact would be presumed without such indication if necessary to sustain the court's action complained of in extraneous ground (a); but, if that presumption did not prevail, then the fact remains that no objection or exception was taken to the action of the court in that respect, nor is it relied on in the motion for a new trial, as we have stated, and therefore cannot be considered on this appeal. The same is true with reference to extraneous ground (b). However, in addition to that reason for not sustaining it, appellant had entered a plea of guilty to the indictment, and section 283 of the same Criminal Code of Practice says that the court may immediately render judgment after the return of the verdict "upon a plea of guilty." The motion for a new trial was continued until the October term, 1937, and before it was passed on the court again rendered judgment pursuant to the verdict, and which had the effect of curing any error that might have been committed in the first precipitous rendition of the judgment if it had been so erroneously rendered. Of course, it is unnecessary for us to spend time in discussing extraneously argued ground (c). It is not relied on in the motion for a new trial; none of it is manifested by the record, and, lastly, even if it were so manifested and so relied on, it is not meritoriously sufficient to authorize the setting aside of the verdict and a reversal of the judgment pronounced thereon.

Having disposed of the extraneously argued grounds, we will now briefly consider those contained in the motion and grounds for a new trial. Since they are all bottomed upon the same fundamentally alleged reason, they will be disposed of and determined together. The theory upon which all of them, (1), (2), and (3), are urged is that appellant's plea of guilty expressly withheld an admission of the value of the goods taken from the storehouse that was broken into, and that there was no proof heard at the trial as to such value. In other words, counsel in making such arguments do so upon the erroneous conception that the averment in the indictment as to the taking of goods and stating its value were and are essential parts of the indictment, and that, if such surplusage averments were not proven, then his client was entitled to either a peremptory in-

struction of acquittal, or to a submission of lesser offenses contained in the one charged as a degree of it. Hence counsel insists that, if the goods taken from the storehouse broken into was of less value than $20, then his client was guilty of only a misdemeanor, and which contention he attempts to substantiate upon the difference between grand and petit larceny.

It will scarcely be controverted that the inserted plea of guilty supra, saying that "the defendant pleads guilty to house breaking," necessarily and inevitably means the character of house breaking that was charged in the indictment to which such plea of guilty was entered, and that breaking was a felonious one with the intention to take from the building broken into the property of another. It was unnecessary that the indictment should charge any other fact than such breaking with the necessary felonious intent. In the cases of Hale v. Commonwealth, 98 Ky. 353, 33 S. W. 91, 17 Ky. Law Rep. 947; Mulligan v. Commonwealth, 144 Ky. 246, 137 S. W. 1062; Thomas v. Commonwealth, 150 Ky. 374, 150 S. W. 376, we held that it was not necessary to charge that the accused actually stole or carried away anything, or that the place broken into contained at the time any goods of value. In the case of Patterson v. Commonwealth, 251 Ky. 395, 65 S. W. (2d) 75, we held that the gist of the offense created by the section of the statute referred to is the breaking of the building with the necessary felonious intent, and not the later taking therefrom property of value. In that and other like cases (and there are numerous others to the same effect) we held that it was competent to prove that goods were taken from the broken into building for the purpose of establishing the intent with which the breaking was made but for no other purpose. In the case of Farris v. Commonwealth, 90 Ky. 637, 14 S. W. 681, 12 Ky. Law Rep. 592, in construing the same statute, we held that an indictment which averred the surplusage averment of an actual taking of property from the broken into building charged but a single offense, although the taking of the goods after the culprit gained entrance to the building was only a larceny, but not a degree of the statutory offense under which the indictment was found. Consequently, in the case of Young v. Commonwealth, 245 Ky. 117, 53 S. W. (2d) 206, we held that it was error to give a larceny instruction upon the

trial of an indictment found under the same section of the statute (1164) under which the instant indictment was returned. It is therefore clear that none of the grounds stated in the motion for a new trial is available to appellant.

Wherefore, for the reasons stated, the judgment is affirmed.