## WILSON v. COMMONWEALTH.

Court of Appeals of Kentucky.

May 22, 1953.

G. D. Milliken, Jr., Bowling Green, for appellant.

J. D. Buckman, Jr., Atty. Gen., Squire N. Williams, Jr., Asst. Atty. Gen., for appellee.

STEWART, Justice.

James A. Wilson was indicted by the Warren County grand jury on a charge of storehouse breaking. He was tried, found guilty and sentenced to one year in the penitentiary. He now appeals, urging two grounds for reversal: (1) That the trial court erred in permitting the introduction of incompetent testimony; and (2) that the

trial court failed to instruct the jury correctly upon the law of the case.

The alleged crime took place in the early morning of April 2, 1952, in the city of Bowling Green. Shortly after midnight, one C. W. Cook, while waiting in his automobile on Main Street at its intersection with Potter Street for a traffic signal to change, noticed a black Buick sedan parked nearby in front of the B & M Whiskey Store on Potter Street. A moment later he saw three men, one of whom he later identified as appellant, disappear around the side of the store. They returned almost immediately carrying a large board with which they shattered a windowpane in front of the store. Cook had intended to proceed down Main Street but he changed his mind and drove down Potter Street in order to see who the men were and to obtain the license number on their car. He stated he drove close to the parked sedan and, as he did so, secured the license number on it and also got a good look at the three men. Meanwhile, after the windowpane had been knocked out, two of the men got in the car and the third one remained standing on the sidewalk. He said "they were talking back and forth to one another" as he drove off. He soon located police officers Carl Bolton and James Hunton, told them about the incident and gave them a description of the sedan and the three men. The officers hurried to the scene but the men had disappeared in the car. An investigation revealed that someone had entered the store through the broken window and stolen some whiskey.

An immediate search was started in an effort to locate the automobile seen by Cook. It developed that two other policemen, Wayne Kendall and James Lowe, had attempted without success to stop this same black Buick sedan earlier in the evening. They positively identified appellant as its driver at that time. Forty-five minutes after the break-in, as Bolton and Hunton, now accompanied by Kendall and Lowe, were cruising up Maple Street, a Buick sedan passed them traveling in the opposite direction at high speed. It answered exactly the description as to color, model and license number given them by Cook. All except Bolton again identified appellant as the driver. James Crouch and Jackie Dennison were at that time also recognized sitting in the front seat with Wilson. A chase ensued during which several shots were fired at the fleeing vehicle but the trio escaped.

Perhaps an hour later the Buick sedan was again discovered in front of James Crouch's residence. An examination revealed two bullet holes in the rear of the car. Crouch was found in the house and immediately placed under arrest. A state trooper and W. H. Lyle, another policeman, had now joined the search and they, along with officer Lowe, entered the house of Botch Dennison, just across the street from the Crouch residence. When asked if Jackie Dennison was there, Mrs. Dennison, who had gotten up and met the officers at the door, replied, "Yes, him and James." Appellant and Dennison were apprehended in the same bed with all their clothes on with the exception of shoes. Lowe and Lyle testified they saw the heads of two whiskey bottles protruding from beneath a pillow. One, a bottle of "Old Harvester," was unopened; the other, a bottle of "Owensboro Club," was only half full.

Neal McGowan, the owner of the establishment which had been broken into and robbed, was permitted, over appellant's objection, to identify the two whiskey bottles seized by the police. He testified that bottles of whiskey corresponding in brand and size with those found in the bedroom had been taken from his store. He also said serial numbers on the stolen bottles were in close proximity with those on the bottles of the same brands of whiskey remaining on his store shelves. On cross-examination, McGowan admitted he could not swear these bottles had not been sold over the counter. Finally, the Commonwealth entered the bottles themselves in evidence, to which appellant again objected. This objection was overruled and an exception reserved. Appellant first argues that the whiskey was not sufficiently identified as that which had been stolen. Next, he insists it was illegally obtained without either a search warrant or a warrant of arrest.

We believe that neither argument has merit. A succinct statement of the rule

governing the identification of stolen property is that the identification of such property detected in the possession of the accused must be established by testimony as direct and positive as the particular case permits. What is sufficient depends upon the nature of the thing taken and the circumstances connected therewith. Generally, what amounts to an identification is for the jury to decide. 32 Am.Jur., Larceny, Sec. 138, p. 1050. We are of the opinion that a more exact description of the stolen goods as given by McGowan would not have been possible and that the court properly allowed the testimony to be introduced. Furthermore, a chain of events beginning with the occasion when appellant was seen breaking into the store and ending with the discovery of him in bed with his clothes on unquestionably established the whiskey found in his possession to be that missing from the store.

But appellant contends the officers entered the house in which appellant was asleep without a warrant of arrest or a search warrant, so that the whiskey was not seized in conjunction with proper arrest or under any search warrant whatsoever and was therefore incompetent as evidence. This line of reasoning is fallacious. Section 36, subd. 2, of the Criminal Code of Practice authorizes a peace officer to make an arrest without a warrant when he has reasonable grounds for believing that the person arrested has committed a felony. Certainly, under the facts as we have stated them, reasonable grounds existed for such a belief in this case. It is fundamental that a search may be made without a warrant in connection with a lawful arrest, and that incriminating articles connected with the crime and detected in the possession of the arrested person may be seized to be used as evidence against him. Turner v. Commonwealth, 191 Ky. 825, 231 S.W. 519. It is equally fundamental that the constitutional guaranty which affords protection from an illegal search does not prohibit a seizure without a search warrant where there is no need of a search; that is, where the objects sought are visible, open and obvious to anyone who even casually looks around. Here the whiskey was fully disclosed to the eye and hand. 47 Am.Jur., Searches and Seizures, Sec. 20, p. 516, and Ferrell v. Commonwealth, 204 Ky. 548, 264 S.W. 1078.

Although we conclude that the whiskey seized at the time of appellant's arrest was admissible as evidence, on the other hand we think the Commonwealth's case was adequately proven even if such proof had been excluded from the case. The crime of breaking into a storehouse with intent to steal is denounced by KRS 433.190, and the gravamen of the offense is the felonious breaking with intent to steal and not the actual taking of property. It is competent to prove that goods were taken from the building broken into, however, for the purpose of establishing the intent with which the breaking was done. But, it is not necessary to prove that the accused actually stole or carried away anything. Sorke v. Commonwealth, 271 Ky. 482, 112 S.W.2d 676. In the case of Kidd v. Commonwealth, 273 Ky. 300, 116 S.W.2d 636, a night watchman heard the crash of broken glass and saw the accused fleeing from the scene of the crime empty handed. The accused was apprehended after a chase, but he escaped and was later caught. This Court held therein that criminal intent can be inferred when a forcible entry is attempted under such suspicious circumstances and sustained a conviction on a charge similar to the one under consideration. We have set out facts in detail herein that are more than adequate to support the judgment of the lower court.

We turn now to the contention that the jury should have been instructed to determine whether the officers, in making the arrest, had reasonable grounds to believe appellant had committed a felony. This contention would be a valid one if the facts were in conflict. Commonwealth v. Bollinger, 198 Ky. 646, 249 S.W. 786. We have many times ruled that where the admissibility of evidence depends upon a preliminary disputed question of fact, the court should direct the jury to disregard the evidence offered unless they find in favor of the preliminary fact. See Morris v. Commonwealth, 231 Ky. 838, 22 S.W.2d 295, and the many cases cited therein on this subject. It follows as a logical consequence that where no disputed question of fact presents

itself to the court, there is no question for the jury to pass on. Appellant neither testified himself nor offered any evidence to disapprove any statement made by the witnesses for the Commonwealth. Therefore, under the circumstances the reasonableness of the arrest was properly withheld from jury consideration.

We find that no error was committed in the trial below and that appellant's substantial rights have not been prejudiced.

Wherefore, the judgment is affirmed.